The People of the State of New York ex rel. William Cecere, Appellant, *v.* Edgar S. Jennings, as Warden of the State Prison at Auburn, et al., Respondents.

(Argued January 7, 1929; decided February 13, 1929.)

*Frank S. Coburn* for appellant.

*Hamilton Ward, Attorney-General (Bernard A. Katz* of counsel), for respondent.

*Per Curiam.* Appellant was convicted on July 6, 1917, of the crime of robbery, and sentenced to imprisonment for a minimum term of five years and a maximum of twenty. On December 8, 1919, the term was commuted by the Governor to a minimum of two years, five months and nine days, and the same maximum as before.

The commutation was upon the condition that if the prisoner should be thereafter convicted of any felony committed between the date of his discharge and the date of the expiration of the full time thereby commuted, he should be deemed an escaped convict in respect of the commuted term, and in addition to any penalty imposed for the new felony, should be compelled to serve the portion of the commuted term remaining unserved without deduction or commutation for good behavior.

The Governor's order was not effective in and of itself to require that the appellant be released from custody. The sentence was still an indeterminate one, subject to the action of the Board of Parole for State Prisons, the only change being a reduction of the minimum (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46, 49, 50). Following that reduction, the Board made an order on December 16, 1919, that he be released upon parole. He went forth from prison walls, but remained even then, until the expiration of the maximum term, in the legal custody and under the control of the warden of the prison (Prison Law, § 214; L. 1909, ch. 47; Consol. Laws, ch. 43; cf. *People ex rel. Newton* v. *Twombly*, 228 N. Y. 33). He failed to comply with the conditions upon which this privilege depended. In January, 1921, he was convicted of another felony, grand larceny in the second degree, and for this new offense was sentenced to imprisonment for a term of one year, the latter term not to begin until the expiration of all the terms of imprisonment to which he had been already sentenced (Penal Law, § 2190; *People* v. *Ingber*, 248 N. Y. 302, 304; *People ex rel. Newton* v. *Twombly*, *supra*). As a consequence of this new conviction, he forfeited the commutation granted by the Governor and the benefit of his parole. Returned to prison, he made a demand upon the warden in December, 1927, after having remained a prisoner for an additional period of nearly seven years, that his name be certified to the Governor as eligible for parole (Prison Law, L.

1909, ch. 47, §§ 233, 242). The demand having been refused, a petition for a mandamus followed.

We find it unnecessary to determine whether the Board of Parole might be ordered by mandamus to consider the appellant's case if consideration were to be refused on the ground of want of power. The appellant is little helped though jurisdiction be assumed. Parole is not a right, but a privilege, to be granted or withheld as discretion may impel. The appellant has not made demand upon the Board that it hear his application and exercise its judgment. The Board has never refused to hear him, and has never had his case before it. Not impossibly if it were to give a hearing, there would be a denial on the merits. The Board is not even a party to this proceeding. All that the appellant has done is to make an unnecessary demand upon the warden of the prison to place his name upon a list. The demand is unnecessary, for the list to be transmitted by the warden to the Governor (Prison Law, § 233) has relation to certain statutory deductions to be allowed for good behavior, which the appellant does not need if he is eligible for parole at all. The petition for a mandamus directed to the warden was properly refused. There is nothing else before us.

To avoid misapprehension, we call attention to the fact that any prisoner sentenced on or after July 1, 1928, will be subject to the amended Prison Law of that year, which expressly withholds from the Board the power to grant a further parole to a prisoner who while at large upon parole has been guilty of a second felony (Prison Law, § 219, as amended by L. 1928, ch. 485). Prisoners sentenced before that time are subject to the earlier law (L. 1928, ch. 485, § 223). What their rights under that law are will be determined when the need arises.

The order should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Order affirmed.