The People of the State of New York ex rel. Richard A. Ascher, Appellant, v. Lewis E. Lawes, as Warden of Sing Sing Prison, and Another, Respondents.— Order denying relator's motion for a peremptory mandamus order requiring the defendants to credit him with an additional five days a month allowance as against his sentence and to certify his name to the Governor as eligible for a reduction of his term of imprisonment unanimously affirmed, as a matter of law and not in the exercise of discretion. The five days' diminution of sentence to which the prisoner was entitled at the time he committed his crime was continued in the event of his earning the same under the term compensation as a consequence of chapter 348 of the Laws of 1931.█ This change did not operate to the detriment of the prisoner and was within legislative competence. The fact that the Legislature accorded to another group of prisoners different and preferential treatment gives rise to no grievance of which the prisoner may complain to other than the Legislature, since this preferential treatment in no wise diminished the

prisoner's statutory rights as of the date when he committed his crime. The placing of prisoners under indeterminate sentences and those under definite sentences on the same basis with the earned diminution of sentences characterized as compensation in both instances gave rise to no added rights in the prisoner, who was formerly entitled to that same decrease of sentence as one under a definite sentence in the form of commutation at a time when diminution of sentence was accorded to prisoners under an indeterminate sentence under the term compensation. Under chapter 601 of the Laws of 1932 the prisoner became entitled to an additional two and one-half days' diminution of term per month under the term compensation, and under chapter 731 of the Laws of 1934 he became entitled to a second additional two and one-half days' diminution of term under the term compensation; so that the total compensation to which he became entitled as a consequence of earning it by good behavior was ten days per month, the amount of diminution of sentence which the defendants are properly according to the prisoner. He is, therefore, not entitled to have his name certified to the Governor at the present time. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.