In the Matter of the Application of ROBERT KEITH, Appellant, for a Peremptory Mandamus Order to Compel WALTER N. THAYER, JR., Commissioner of Correction of the State of New York, Respondent, to Give Petitioner the Privilege and Right of Earning a Diminution of Sentence by Commutation, as Provided for in Section 230 of the Correction Law, as Amended by Chapter 731 of the Laws of 1934.

Third Department, June 27, 1935.

*Robert Keith*, appellant, in person.

*John J. Bennett, Jr., Attorney-General [Caleb Candee Brown, Jr., Assistant Attorney-General* of counsel], for the respondent.

RHODES, J. The petitioner, after indictment, on August 28, 1931, entered a plea of guilty to the crime of attempted forgery, second degree, alleged to have been committed on June 29, 1931. Thereupon a definite sentence of seven and one-half years was imposed and petitioner was received thereunder at Sing Sing Prison on August 31, 1931.

His grievance, in substance, is that under section 230 of the Correction Law, which is the statute governing the earning of commutation and compensation by prisoners, he is not accorded the right to earn as great an amount of commutation and compensation as is permitted to other classes of convicts.  He does not claim that he has been deprived of the right to earn the amount thereof which was permitted him by the statute in force at the time of the commission of his crime and at the time when he was received in prison.  His argument is that he is discriminated against in that he is denied the right or privilege of earning as great a reduction of sentence as is accorded certain other specified classes of convicts and that the Legislature has no power to create such arbitrary distinctions and classifications; that thereby his fundamental right to equality of treatment is invaded.

The Appellate Division, Second Department, has decided to the contrary of this contention in *People ex rel. Ascher* v. *Lawes* (243 App. Div. 578).  There the court said: " The fact that the Legislature accorded to another group of prisoners different and preferential treatment gives rise to no grievance of which the prisoner may complain to other than the Legislature, since this preferential treatment in no wise diminished the prisoner's statutory rights as of the date when he committed his crime."

We are in accord with the rule enunciated in that case and it should be given application here.

Without entering into a discussion of the involved provisions of the section of the statute referred to (See Laws of 1929, chap. 243; Laws of 1931, chap. 348; Laws of 1932, chap. 601; Laws of 1934, chap. 731), it is sufficient to say that a computation in accordance therewith establishes that after crediting petitioner with the deductions to which he was entitled at the time of his application herein he had not then served the portion of his sentence required by law, and was not entitled to his discharge.  His application was, therefore, prematurely made.

The order appealed from dismissed the petition, " without prejudice to the petitioner to make a further application on the expiration of his term of imprisonment, less jail time and allowable time for commutation and compensation."

The order was proper and should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed.