In the Matter of the Application of PHILIP E. COOK, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES, as Warden of Sing Sing Prison, and Others, Constituting the Prison Board of Sing Sing Prison, and WALTER N. THAYER, JR., as Commissioner of Correction of the State of New York, Respondents. In the Matter of the Application of NICHOLAS TRIMARCO, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES and Others, Respondents. In the Matter of the Application of HENRY MATTHEWS, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES and Others, Respondents. In the Matter of the Application of JOSEPH O'KEEFE, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES and Others, Respondents. In the Matter of the Application of WILLIAM THOMPSON, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES and Others, Respondents. In the Matter of the Application of ALFRED BONINI, Appellant, for a Peremptory Order of Mandamus against LEWIS E. LAWES and Others, Respondents. — The petitioners sought orders of peremptory mandamus to direct the Prison Board of Sing Sing Prison to meet and determine the amount of compensation they will recommend to be allowed to the petitioners to the end that they may be released. They have been committed to the prison for crimes of violence committed between 1929 and 1933; and they claim that they are entitled to a reduction of their respective sentences of from seventeen and one-half to twenty-two and one-half days per month by virtue of statutes amending section 230 of the Correction Law from 1931 to 1934. This result they reach by cumulating the different allowances for commutation and compensation previously made and those made in the amendatory statutes. Admittedly the language of these statutes is somewhat obscure and confused, in part at least caused by using somewhat interchangeably the words " commutation " and " compensation," as well as language that includes both as such terms had theretofore been defined and understood. The amendment of 1935 to sections 230, 234 and 235 of the Correction Law eliminates this confusion of terms by dropping both and using instead " reduction of sentence." The theory applied by the prison officials and by the Attorney-General in reducing the sentences under the amendments referred to has been that the increased allowances granted by the Legislature from time to time represent not cumulations but a substitution of a greater allowance than was given under preceding statutes. We accept the latter version as the true intent of the Legislature, for it is scarcely to be conceived that men convicted of crimes of violence, some of them second offenders, would be allowed as many as twenty-two and one-half days in a month

on their sentences. The fact that one group is accorded different and preferential treatment from that accorded to another gives rise to no grievance of which the prisoner may complain to the courts. (*People ex rel. Ascher* v. *Lawes*, 243 App. Div. 578.) Order denying applications for orders of peremptory mandamus unanimously affirmed on the law and not in the exercise of discretion. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.