**PEOPLE ex rel. KURZYNSKI v. HUNT, Warden.**

District Court, W. D. New York.
Oct. 14, 1938.

Paul Kurzynski, in pro per.

John J. Bennett, Jr., Atty. Gen. (James A. Noonan, Asst. Atty. Gen., of counsel), for respondent.

BURKE, District Judge.

The petitioner, a prisoner at the Attica State Prison, seeks his release by habeas corpus. He was convicted January 21, 1930 of grand larceny and sentenced to prison for not less than three nor more than ten years. On July 1, 1932, he was released on parole. With the consent of the Parole Board he went to Detroit, Michigan, and later to Cleveland, Ohio. In April, 1935 he was re-taken as a parole violator, declared delinquent by the Parole Board and returned to prison on April 24, 1935 to serve the balance of his unexpired term, less compensation time for good behaviour. Compensation was later taken away by the Parole Board and he was ordered to serve the full maximum term.

His first contention is that his return to this State was in violation of laws governing extradition. It does not appear from the papers herein that this question has been presented to the State courts for adjudication. It appears that a writ of habeas corpus allowed by the County Court of Wyoming County was dismissed in November, 1935 and that relief by mandamus proceedings was denied by the Supreme Court in June, 1936. The grounds for neither application appear from the papers herein. A further writ was allowed by the Supreme Court in September, 1936 and dismissed on October 20, 1936. Upon affirmance of the dismissal by the Appellate Division, 250 App.Div. 378, 294 N.Y.S. 276, leave to appeal to the Court of Appeals was asked and denied. 251 App.Div. 789, 298 N.Y.S. 165. The Supreme Court of the United States denied certiorari. 303 U.S. 654, 58 S.Ct. 755, 82 L.Ed. 1114. The question of violation of extradition laws was not presented in the petition for the last writ of habeas corpus nor was any reference made to it by the judge who wrote the opinion dismissing the writ nor by the Appellate Division in its opinion sustaining the dismissal.

Petitioner also contends that he has been deprived by the Parole Board of compensation time earned, the board having ordered him, on June 28, 1938, to complete his full term up to January, 1940. This question is raised for the first time in this petition. This court will not consider either of the above questions on the merits in this application, but will require the petitioner to exhaust the remedies afforded by the State for determining whether his constitutional rights have been abrogated by violation of the extradition laws or by depriving him of compensation time. See United States ex rel. Lesser v. Hunt, 25 F.Supp. 646, and cases cited, decided by this court July 15th, 1938.

This brings us to a consideration of the only other question presented on this application. When the petitioner was sentenced in January, 1930, Sections 696, 697 and 698 of the New York Code of Criminal Procedure were in effect. These sections provided in case of parole violation, that an application for a warrant should be made to a magistrate, and that an alleged violator, upon his arrest, was entitled to a trial by jury on the question of violation of parole. These provisions were changed by the legislature effective July 1, 1930. Laws 1930, c. 38. Thereafter the law provided that where a person on parole violated the condition of his release, he should be remanded to the place of his former imprisonment and there confined for the unexpired term, and that violation of the parole should be determined in accordance with the provisions of the Correction Law, Sections 216, 217, and 218. There it was provided that the Parole Board should have the authority to determine whether parole should be revoked. These provisions were in effect when the petitioner was released on parole and when he was declared delinquent and returned to prison. The petitioner contends that these changes in the law are ex post facto and in violation of his constitutional rights and that he was entitled to the protection afforded by the provisions regarding parole violations in effect at the time of his sentence.

"Parole is not a right, but a privilege, to be granted or withheld as discretion may impel". People ex rel. Cecere v. Jennings, 250 N.Y. 239, 165 N.E. 277, 278. When petitioner was accorded this privilege and was released on parole, he took it with conditions thus attached to it by law, including the method then provided for determining parole violations. There was no constitutional guaranty when sentence was imposed upon petitioner that the provisions regarding parole and for determining violations thereof would remain constant. The only constitutional inhibition was that no law would be passed that would increase the

punishment for the crime he had committed. Malloy v. South Carolina, 237 U.S. 180, 184, 35 S.Ct. 507, 59 L.Ed. 905; Duncan v. Missouri, 152 U.S. 377, 382, 14 S.Ct. 570, 38 L. Ed. 485.

Release of the petitioner on parole did not have the effect of changing the sentence which had been imposed upon him. Even then he was in the legal custody and under the control of the prison warden until the expiration of the sentence. People ex rel. Cecere v. Jennings, supra.

The changes in the law complained of imposed no new penalty for the crime nor did they increase the sentence. They merely provided a different method for retaking parole violators and for determining parole violations. This was but a change in the procedure of administering parole. It bears none of the elements requiring condemnation as abrogating petitioner's constitutional rights.

The writ should be dismissed.