THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN STEIN, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Appeal from an order of Clinton County Court dismissing a writ of habeas corpus theretofore issued in petitioner's behalf and remanding him to custody. Petitioner says that because he is a second offender a definite sentence should have been imposed upon him instead of an indeterminate sentence; that seven years is the maximum definite sentence which may be imposed; that deducting earned compensation, he has served more than the time required and is entitled to release from custody. Assuming that his sentence is to be regarded as a definite sentence of seven years, the difficulty with his assertion that he is entitled to release is that compensation and commutation are not matters of right but are matters of grace and favor resting with the Governor. (Correction Law, §§ 230-241; *People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239; *People ex rel. Ascher* v.

*Lawes*, 243 App. Div. 578.) So far as appears such claimed compensation has not been granted to him. There is a further reason why his position may not be sustained. On September 30, 1932, he was convicted in Queens County Court under an indictment charging him with violation of section 1696 of the Penal Law, for aiding in the escape of a felony prisoner, the crime having occurred on August 3, 1932, and received the sentence of which he now complains, of not less than five years nor more than seven years. The punishment prescribed therefor by section 1699 of the Penal Law is imprisonment for not less than one year nor more than seven years, and the section expressly declares that the provisions of sections 1941 and 1942 shall not apply. Section 2189 of the Penal Law prescribes the kind of sentence to be imposed in such case and is to the effect that a person never before convicted of a crime punishable by imprisonment in a State prison, who is convicted in this State of a felony, shall receive an indeterminate sentence. Apparently, the prior conviction contemplated by this section means a conviction in this State (See *People* v. *Gutterson*, 244 N. Y. 243; *People ex rel. Atkins* v. *Jennings*, 248 id. 302), even though his criminal record elsewhere may show the convict to be a recidivist. Petitioner's previous conviction without the State is, therefore, immaterial here, and the indeterminate sentence under which petitioner is confined was properly imposed. Discussion of other question raised is unnecessary. Order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.