The People of the State of New York ex rel. Barney Hammond, Appellant, v. Walter B. Martin, as Warden of Clinton Prison, Dannemora, New York, Respondent.

Third Department, April 30, 1941.

*Barney Hammond*, appellant, *in pro per*.

*John J. Bennett, Jr., Attorney-General* [*Harry P. Kehoe, Assistant Attorney-General*, of counsel], for the respondent.

Hill, P. J. Relator appeals from an order dismissing his writ of habeas corpus whereunder he sought to be released from the Dannemora State Prison. He is not entitled to be released, but may be entitled to other relief. He was serving a determinate sentence and may be discharged under the Correction Law only after the Governor has acted upon the report of the warden and the other members of the Board constituted as prescribed in the Correction Law (§§ 235, 236). Relator is entitled as matter of right to have his name certified to the Governor when his sentence has expired through the allowance for reduction fixed by the Board. (§ 235, *supra*.) In arriving at the date of expiration of relator's sentence, it is necessary to consider numerous amendments to the Correction Law beginning with chapter 243 of the Laws of 1929 and chapter 348 of the Laws of 1931, chapter 601 of the Laws of 1932, chapter 731 of the Laws of 1934 and chapter 902 of the Laws of 1935. Section 16 of the latter makes it apply only to crimes committed on and after June 1, 1935, when it took

effect. In determining the legislative intent consideration should be given to amendments of the kind enacted by chapter 773 of the Laws of 1936.

Relator was indicted for robbery in the first degree, charged to have been committed on or about January 31, 1928. He was arraigned and sentenced on March 23, 1929. Following an appeal and an affirmance of his conviction (229 App. Div. 814), he was received at Clinton Prison on September 15, 1931. He had been convicted previously of a felony, his sentence was sixteen years.

The limitation in the 1935 amendment makes the 1934 amendment applicable. Subdivision 4 of section 230 of the Correction Law thereunder provides, in part: "Every prisoner received * * * on or after the first day of July, nineteen hundred and thirty-one, under * * * a definite * * * sentence may earn * * * by good conduct * * * compensation * * * not to exceed five days for each month * * * of a definite sentence." Also, "Every prisoner who was received * * * after July first, nineteen hundred twenty-six, and is confined * * * on July first, nineteen hundred thirty-two, under * * * a definite * * * sentence, may earn an additional allowance of compensation, not to exceed two and one-half days for each month of his * * * definite sentence." Also, "Every person received * * * before July first, nineteen hundred thirty-two, under * * * a definite * * * sentence, may earn compensation not to exceed ten days for each month * * * of a definite sentence provided that by other provisions of law, such prisoner is not entitled to compensation equal to, or in excess of ten days per month * * * on * * * a definite sentence."

Relator comes within each of the above classifications. The legislative intent in connection with a statute, particularly one sponsored by a department, may be ascertained through an examination of earlier provisions affecting the same subject. The amendment immediately preceding the 1934, (1932) provided for a five-day reduction for each thirty days served by prisoners "committed" on or after July 1, 1926. Also, every prisoner received after July 1, 1926, who was confined on July 1, 1932, was permitted to "earn an additional allowance * * * not to exceed two and one-half days for each month" and every prisoner received on or after July 1, 1926, and not later than June 30, 1931, under a definite sentence was to "continue to receive the amount of commutation allowable prior to the enactment of this amendment." In the 1934 amendment no mention is made of "commutation," but only "compensation." The 1931 amendment fixed five days for each thirty days as compensation and contained a provision: "A prisoner

received on or after the first of July, nineteen hundred twenty-six, and not later than the thirtieth of June, nineteen hundred thirty-one, under a definite sentence, shall continue to receive the amount of commutation allowable prior to the enactment of this amendment, and no more."

"Commutation" by that amendment is in addition to "compensation." In the 1932 amendment, in addition to the commutation, there was compensation of seven and a half days per month. The commutation provided by chapter 243 of the Laws of 1929 (Correction Law, § 230) and by the later amendments (1931 and 1932) made applicable was two and a half days for each month of the period less than a year, one month each for the first three years, two months each for the fourth, fifth and sixth years, three months each for the seventh, eighth and ninth years, four months each for the tenth, eleventh and twelfth years, five months each for the thirteenth, fourteenth and fifteenth years, and six months each for the sixteenth, seventeenth and eighteenth years, and certain classes of prisoners were to receive in addition thereto compensation "not to exceed ten days" for each thirty-day period. In all of these amendments prior to 1934 there has been either five days per month, seven and a half days per month or ten days per month compensation, and in addition a substantial reduction called "commutation." In the 1934 amendment there are three items of compensation, one of five days each month, an "additional allowance of compensation" of two and a half days per month and ten days per month for every prisoner who "under other provisions of law * * *, is not entitled to compensation equal to, or in excess of ten days per month." The latter takes the place of the commutation allowance which always had been granted previously. The meaning of the language last quoted is understandable when it is remembered that through other provisions of the Correction Law similar to chapter 773 of the Laws of 1936, compensation is allowed. By that chapter, ten days each month is allowed to "any prisoner received * * * prior to the first day of July, nineteen hundred twenty-six." Such a prisoner would not be entitled to the last ten days granted by section 230 of the Correction Law, as amended by chapter 731 of the Laws of 1934.

The relator has long since served his entire term as reduced by compensation and is entitled to an order directing the warden and the other members of the Board to certify to the Governor the amount of compensation earned.

It is asserted by the Attorney-General that relator is entitled only to ten days per month. The same statement carries the inference that he is entitled to full compensation and that he has

not lost any through improper conduct or for any other reason. The amount is fixed by the Attorney-General under his construction of the 1934 amendment. He excludes the five-day and the two-and-a-half-day provision and gives relator the benefit only of the last three items contained in the section. The relator is entitled to seventeen and a half days each month from the beginning of his term. With the added seven and a half days for each thirty days, his sentence, as reduced, expired some forty-eight months before April 5, 1942, the time computed on the fourth page of the Attorney-General's brief. It is highly questionable whether this court has power to direct the Prison Board to act, and, in view of that, we feel that the order must be affirmed. However, we suggest that the Board should meet and in the interest of justice correct its manifest error.

CRAPSER, SCHENCK and FOSTER, JJ., concur; BLISS, J., concurs in the result in a separate opinion.

BLISS, J. (concurring). I concur in the result on the ground that this court has no jurisdiction to compel any action whatsoever on the part of the Prison Board. (State Const. art. 4, § 4.) "Parole is not a right, but a privilege, to be granted or withheld as discretion may impel." (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239.)

While the discussion in the majority opinion of the interpretation to be placed upon subdivision 4 of section 230 of the Correction Law is entirely obiter because of the court's determination that it has no jurisdiction, nevertheless, the majority has seen fit to express its view as to the proper interpretation of such statute. I, therefore, deem it proper to state that I do not concur in such interpretation. I believe that the ten days' compensation which a prisoner may earn on a definite sentence is the maximum which this prisoner is entitled to earn. If that is not so, then certain classes of prisoners may, under section 230, earn as high as eleven months' compensation per year and others as high as fifteen months per year. This, of course, is an absurdity. (See Law Revision Commission Report [Recommendations and Studies, 1935], p. 477; Legislative Document [1935], No. 60 [I], in Relation to Section 230 of the Correction Law.)

Order affirmed.