In the Matter of the Application of RICHARD ZALOOM, Petitioner, Appellant, for a Peremptory Mandamus Order Pursuant to Article 78 of the Civil Practice Act, against WALTER B. MARTIN, as Warden, and Others, Constituting the Prison Board at Clinton Prison, Dannemora, N. Y., Respondents.

Third Department, April 29, 1942.

*Richard Zaloom,* appellant, *in pro per.*

*John J. Bennett, Jr., Attorney-General [Bernard L. Alderman* and *Patrick H. Clune, Assistant Attorneys-General,* of counsel], for the respondents.

CRAPSER, J.   The appellant was received in prison on September 19, 1931, under a definite sentence of twenty years' imprisonment, less ninety-three days' jail time, after conviction by confession of the crime of attempted robbery in the third degree, armed, as a second offender.   The crime was committed on June 17, 1931, and the sentence imposed on September 18, 1931.   The appellant has remained confined in prison since September 19, 1931.   He is being credited upon his twenty-year sentence with an allowance of ten days for each month of his term, less the aforesaid ninety-three days' jail time allowance, equalling a total of four months per year good time reduction, which the appellant may receive upon his sentence.

The appellant may ultimately receive a reduction of eighty months, or six years and eight months, upon his twenty-year term and may be eligible to be considered for parole not sooner than November 16, 1944.

The appellant claims that he is entitled to seventeen and a half days per month compensation on his sentence of twenty years from the date of his reception into State prison.

The commutation allowance provided by chapter 243 of the Laws of 1929, raised in the court below, is waived on this appeal by the appellant.

If, as the appellant contends, he is entitled to seventeen and a half days per month reduction as credit then he would be credited for 210 days for every year of his sentence and he would be required to serve 150 days of his sentence for every year and at that rate he would be required to serve eight years and four months of his term and should, therefore, have been released in or about October of 1939.

If the State's contention that the appellant is entitled to ten days per month reduction is correct then he would be credited with 120 days or four months for every year of his sentence and would be

required to serve 240 days or eight months for every year of his sentence. At that rate the appellant would be required to serve thirteen years and four months of his twenty-year term and will, therefore, be eligible for parole consideration, as aforesaid, in or about November, 1944.

The appellant's contention is based on *People ex rel. Hammond* v. *Martin* (261 App. Div. 648). In that case this court held that the relator who was received at Clinton Prison on September 15, 1931, following his conviction of the crime of robbery in the first degree, and was serving a determinate sentence, was entitled to seventeen and one-half days' compensation for each month from the beginning of his term. (Correction Law, § 230, as amd.)

The State contends that the above case is contrary to law and contrary to the decisions of the Court of Appeals and the Appellate Division in other departments in similar cases.

The appellant committed the crime for which he was convicted on June 17, 1931. On that date " good time " allowance was computed by chapter 243 of the Laws of 1929 (Correction Law, § 230, subd. 4) and provided State prisoners could receive five days per month diminution of their sentences and no more. It is to be noted that the words " commutation " and " diminution " are used interchangeably. If the appellant had been sent to State prison on the day he committed his crime he would have been eligible to five days per month off his sentence.

The appellant was sentenced on September 18, 1931, and received in prison on September 19, 1931. On these dates good time allowance was controlled by chapter 348 of the Laws of 1931, which amended subdivision 4 of section 230 of the Correction Law, as amended by chapter 243 of the Laws of 1929. The amendment did not increase good time allowance. It was enacted solely to equalize the allowance granted to both indeterminate and definite sentenced prisoners received in prison after July 1, 1931.

The allowance granted by chapter 348 of the Laws of 1931 was the same five days per month as allowed by chapter 243 of the Laws of 1929, but it was extended to include indeterminate sentenced prisoners as well as definite sentenced prisoners. Chapter 243 of the Laws of 1929 applied only to definite sentence prisoners; chapter 348 of the Laws of 1931, which amended subdivision 4 of section 230 of the Correction Law, as amended by chapter 243, applied to both definite and indeterminate sentenced prisoners. (Correction Law, § 230, subd. 4.)

Chapter 348 of the Laws of 1931 put all prisoners with a definite or indeterminate sentence, received after July 1, 1931, on the same basis with respect to their ability to earn good time allowance.

Previous to this amendment prisoners received under indeterminate sentences (under the Baumes Law) were receiving no allowance or diminution of any kind on their minimum terms.

Subdivision 4 of section 230 of the Correction Law was again amended in 1932 by chapter 601 of the Laws of 1932 by granting an additional two and a half days per month good time allowance which made the good time allowance that he could earn seven and one-half days a month.

The statute was again amended by chapter 731 of the Laws of 1934 which increased the time which they could earn two and a half days per month for all prisoners and made it possible for them to earn ten days per month instead of seven and one-half days as formerly allowed by chapter 601 of the Laws of 1932.

In the case of *People ex rel. Hammand* v. *Martin* (*supra*) the court decided that it had no jurisdiction and affirmed the order appealed from. The opinion discussed subdivision 4 of section 230 of the Correction Law and the proper interpretation to be placed thereon. Such discussion because of the decision of the court as to jurisdiction was purely obiter and seems to be contrary to the weight of authority.

In *Matter of Rera* v. *Lawes* (268 N. Y. 684), on July 1, 1931, Rera was convicted of the crime of attempted robbery, second degree, committed on April 11, 1931, and was sentenced as a second offender to a definite term of seven years and six months. On July 2, 1931, he was received at Sing Sing Prison where he was at the time the motion was made. Rera claimed that he was entitled to the commutation in existence at the time he committed the crime for which he was imprisoned, as a vested right beyond the power of the Legislature to take from him, and, therefore, was entitled to a commutation of five days a month by virtue of chapter 736 of the Laws of 1926 and a compensation of ten days a month by virtue of chapter 731 of the Laws of 1934, or a total reduction in sentence of fifteen days a month. The Special Term denied the motion of the petitioner on the authority of *People ex rel. Ascher* v. *Lawes* (243 App. Div. 578), and the Court of Appeals unanimously affirmed that order.

In the *Ascher* case Ascher was a second offender and received a definite sentence. His crime was committed prior to July 1, 1931, or on January 19, 1931, and he was received in State's prison on November 6, 1931. Ascher claimed that he was entitled to fifteen days per month allowance on his sentence. The State maintained that Ascher was privileged to earn ten days per month and the Appellate Division unanimously affirmed the Special Term. The *Ascher* case was the basis of the court's action in

the *Rera* case and, therefore, it must have been given the approval of the Court of Appeals when they affirmed the *Rera* case. (*Matter of Cook* v. *Lawes*, 247 App. Div. 735; affd., 271 N. Y. 574.)

In *Matter of Keith* v. *Thayer* (245 App. Div. 188), which was a case in this court and the opinion was by Justice Rhodes, we approved of the holding of *People ex rel. Ascher* v. *Lawes* (243 App. Div. 578).

The order denying the petitioner's motion for a peremptory mandamus order requiring the defendants-respondents to credit him with an additional seven and a half days per month allowance as against his sentence and to certify his name to the Governor as one having served the minimum term of a definite sentence by reason of earned compensation is affirmed as a matter of law.

Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents.

Order affirmed.