THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY STEIN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, et al., Respondents. — Petitioner has appealed from an order of the Clinton Special Term of the Supreme Court dismissing his application for a writ of habeas corpus and remanding him to the custody of the warden of Clinton Prison. On October 30, 1931, petitioner was convicted of the crime of robbery, second degree, as a second offender. He was sentenced to a definite term of twenty-five years on November 5, 1931, and was received in prison on the following day. His contention 'is that he is entitled to an allowance of fifteen days each month. The State contends that he is simply entitled to an allowance of ten days per month. The State's contention is sustained by the authorities. (*Matter of Cook* v. *Lawes*, 247 App. Div. 735, affd. 271 N. Y. 574; *Matter of Zaloom* v. *Martin*, 264 App. Div. 19; *Matter of Rera* v. *Lawes*, 268 N. Y. 684; *People ex rel. Ascher* v. *Lawes*, 243 App. Div. 578.) Order affirmed, without costs. All concur.

In the Matter of GUISEPPE VALENTINO, Petitioner, against JOHN F. O'CON-NELL et al., Constituting the State Liquor Authority, Respondents.— This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review the action of the State Liquor Authority in revoking petitioner's hotel liquor license for cause after a hearing duly held pursuant to the provisions of the Alcoholic Beverage Control Law. There is ample substantial and competent evidence to sustain the finding of the State Liquor Authority, and the determination should be confirmed and the proceeding dismissed, without costs. Determination of State Liquor Authority confirmed and proceeding dismissed, without costs. All concur.

## FOURTH DEPARTMENT, JUNE, 1944.

### (June 28, 1944.)

MABLE ALLISON, as Administratrix of the Estate of RAYMOND ALLISON, Deceased, Appellant, v. RICHFIELD OIL CORPORATION OF NEW YORK, Respondent. — Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event, on the ground that the court erred in excluding evidence of negligence on the part of the defendant after the arrival of the firemen. Other grounds of error are urged upon us which we do not find necessary to pass upon at this time. All concur [Dowling, J., in result only], except Taylor and McCurn, JJ., who dissent and vote for affirmance. (The judgment is for defendant for no cause of action in an action for damages for the death of plaintiff's intestate, alleged to have resulted by reason of an explosion of gasoline tanks. The order denies a motion for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

HAROLD J. RYAN, Respondent, v. DUNBAR & SULLIVAN DREDGING COMPANY, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in a negligence action.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ. [See *post*, p. 845.]