THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS RICE, Relator, against J. VERNAL JACKSON, as Warden of Clinton Prison, Defendant.

County Court, Clinton County, December 19, 1944.

*Thomas Rice,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Robert C. Booth* of counsel), for defendant.

O'CONNELL, J. By a writ of habeas corpus, the relator, Thomas Rice, herein, sought relief at a hearing held before me on August 14, 1944.

The relator was convicted of robbery in the third degree on May 5, 1925, and was sentenced to prison for a term of from five to ten years. On August 29, 1929, he was admitted to parole. Such admittance was evidenced by an agreement drawn by the Parole Board and delivered to the relator (respondent's Exhibit A), who was then a prisoner under the sentence before mentioned. The exhibit contained various conditions — the one pertinent to the matter before me being as follows: " No. 7, * * * This parole is granted under the condition that if I, the above named person shall, during the period of his release by reason, thereof, and the date of the expiration of the maximum term for which he was sentenced, be convicted of any felony committed in the interval as aforesaid, he shall in addition to the sentence which may be imposed for such felony and before beginning the service of such sentence, be compelled to serve in the prison or penitentiary in which he may be confined

for the felony for which he is so convicted, the remainder of the maximum term of his sentence, without commutation, unless sooner released on parole or absolutely discharged, by the Board of Parole of the State Prisons, but he may, however, earn compensation in reduction of the remainder of the term * * *." Subsequent to such release on parole and on May 16, 1933, and while on parole, relator pleaded guilty to a second felony. He was, thereupon, sentenced to a definite term of imprisonment for fifteen years. *Relator had been declared delinquent by the Parole Board on November 18, 1932.* When relator was released on parole on August 29, 1929, the unexpired portion of his maximum sentence on his first conviction was five years, four months and nineteen days. He claims now that he is entitled to his complete discharge, by reason of time served and compensation allowance.

On relator's return to prison after his second felony conviction he was held to serve the full five years, four months and nineteen days — being allowed no credit for any time spent on parole. On the authority of *People ex rel. Ingenito* v. *Warden, etc., Auburn Prison* (267 App. Div. 295) which was recently unanimously affirmed by the Court of Appeals on November 16, 1944 (293 N. Y. 803), I hold that the relator could have been compelled by the Parole Board to serve on the maximum of his first sentence only from the date he was declared delinquent, November 18, 1932; that he earned all time spent out of prison from his release on parole, August 29, 1929, to the date of his being declared delinquent, or three years, two months and nineteen days. Relator, therefore, owed on his maximum sentence of ten years but the difference between five years, four months and nineteen days — and three years, two months and nineteen days or two years and two months. It appears, on the return filed by the respondent, that the relator was permitted to commence the service of his second sentence before the expiration of the five years, four months and nineteen days claimed by the respondent that relator owed on his return to prison, so now I feel I may rightfully find that even though " commutation and compensation are not matters of right but of grace resting with the Governor " (Correction Law, §§ 230–241; *People ex rel. Cearre* v. *Jennings,* 250 N. Y. 239), *relator, nevertheless, earned compensation on the two years and two months delinquent time owed.* He would have then earned and apparently should have been credited with eight months and twenty days' compensation so that by reason thereof, he became entitled to commence service of his fifteen years' sentence, one year, five

months and ten days after his return to prison on May 17, 1933. I, therefore, conclude relator's service on his second sentence commenced on *October 27, 1934.*

On October 27, 1934, the date relator should have commenced the service of his fifteen-year sentence, he was entitled to have been then credited with four months and four days' jail time allowance. He, therefore, could on this date have owed but fourteen years, seven months and twenty-six days. As of this date, December 19, 1944, relator has now served ten years, one month and twenty-two days. In respondent Warden's return it is stated, *" That allowing all time in reduction on said 15 year term, as provided by statute, which time is 4 years 10 months and 19 days, said relator will not be eligible for release until September 25, 1946 ".* Relator now, having actually served ten years, one month and twenty-two days, he would now have completed his term, as reduced by compensation and should be entitled to an order directing the respondent Warden and other members of the Board to certify to the Governor the amount of compensation earned. (*People ex rel. Hammond* v. *Martin,* 261 App. Div. 648.) It is my opinion, that by making reference in the return to " reduction of time ", this carries a very strong inference that relator has not lost any, through improper conduct or for any other reason. At this time, however, I do not feel it within my power to direct the Board of Parole to act, but in the interest of justice and fairness, do suggest that the Board correct, forthwith, its error.

Writ dismissed, without prejudice on the part of the relator to renew his application before me within thirty days after the entry of this order, if in the interim no action is taken by the respondent and the Parole Board to certify to the Governor the amount of compensation earned by him.

Submit order.