In the Matter of the Construction of the Will of MARY A. BOWERS, Deceased. STANLEY E. BOWERS, Appellant; LEO CRAINE et al., Respondents.— Appeal by a life tenant from a decree of the Chenango County Surrogate's Court, entered in the clerk's office of that court on August 17, 1944, the notice of appeal stating that it is "from so much of the decree entered in this proceeding as ordered, adjudged and decreed that the said Trustee, Leo D. Craine, is not to apply or use any of the principal sum of said trust fund established in the 'Fourth' paragraph of decedent's will toward the payment of taxes or upkeep of buildings described in the 'Second' paragraph of the will of decedent." The second paragraph of the will devises the life use and income of a farm to testatrix' son, the last sentence of the paragraph containing the gift and devise is as follows: "In the event that he does not pay the taxes and keep up the buildings on said farm, I authorize and direct the trustee of my estate to pay said taxes and keep the buildings up in repair from trust funds that are provided in the fourth paragraph of this will." Testimony was taken from which it appears that the residence located on the farm is in need of repair, that the snow and rain beat in, the windows are warped and broken and the sills have settled and rotted. Testimony was also given that it would cost $1,300 to place the buildings in what was considered a proper state of repair. The corpus of the trust fund is only slightly over $2,000. It would seem proper that sufficient money be expended to make the dwelling reasonably habitable, which would require the sum of about $500. The decree should be reversed and modified on the law and facts, by striking therefrom the third decretal paragraph and substituting in its place and stead the following: It is decreed that the trustee is to apply not to exceed $500 from the corpus of the trust fund toward the repair of the dwelling upon the farm mentioned in the second paragraph of the will, and if such sum provides a sufficient amount, that the roof of the barn be repaired by the use of some inexpensive roofing. Decree reversed and modified on the law and facts by striking therefrom the third decretal paragraph and substituting in its place and stead the following: It is decreed that the trustee is to apply not to exceed $500 from corpus of the trust fund toward the repair of the dwelling upon the farm mentioned in the second paragraph of the will, and if such sum provides a sufficient amount, that the roof of the barn be repaired by the use of some inexpensive roofing. The appellant is to receive $25 costs and disbursements, and the respondent is to receive his disbursements on this appeal. All concur.

In the Matter of JOHN J. QUINN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, et al., Respondents.— Order affirmed. (*Matter of Zaloom* v. *Martin,* 264 App. Div. 19; *Matter of Keenan* v. *Martin,* 265 App. Div. 981, affd. 291 N. Y. 632.) All concur.