Appeal by the Warden of Clinton Prison from that part of an order of the County Court of Clinton County which directs him to forthwith determine the amount of commutation and compensation that is recommended by the order to be allowed to relator, and to forward to the Governor of the State of New York a report to the effect that relator is entitled to be released by reason of commutation and compensation already earned. Relator has filed a cross appeal from that part of the same order which dismisses a writ of habeas corpus. The writ issued was a writ of habeas corpus, but whether it be considered such a writ, or a writ of certiorari under article 77 of the Civil Practice Act, the only jurisdiction conferred upon the County Court was to determine whether relator was being legally detained at the time of the return of the writ. Upon relator’s own computation his maximum term will not expire until May 7, 1947. Relator was sentenced to two definite terms of imprisonment; one for five years, and the other for ten years; and these sentences were directed to be served consecutively. The dispute over commutation arises over the claim of the State that the two sentences may be considered as one fo> the purpose of computing commutation and compensation earned under the Correction Law (§§ 230-232). Relator contends that he was entitled to a twenty months’ reduction on the five-year term before he began the service of the ten-year term, and thus he argues, in effect, that he was entitled to serve the last twenty months of the five-year sentence concurrently with a corresponding period at the beginning of the ten-year term. Under the relator’s theory the maximum expiration date of his ten-year sentence would be May 7, 1947. Under the State’s theory this date would be January 7, 1949. This dispute however may not be resolved upon the return of a writ of habeas corpus, or a writ of certiorari, issued under article 77 of the Civil Practice Act and we do not pass upon the issue. Under the proceeding adopted the court below has no power to direct the warden to act on a matter of commutation (People ex rel. Hammond v. Martin, 261 App. Div. 648; Correction Law, § 230). Order insofar as it dismisses the writ of habeas corpus affirmed, and reversed on the law insofar as it directs the respondent "warden to compute commutation and compensation and forward a report to the Governor. All concur.