Charles M. Hughes, J.
This is an application under article 78 of the Civil Practice Act to review the determination of the New York State Board of Parole, which denied parole to the petitioner.
Upon the return date of the order to show cause, the court held the matter and thereafter appointed Gerald T. Hennessy, Esq., as counsel for the petitioner. A hearing was had in the proceedings on the 8th day of January of the present year.
The facts are as follows: The petitioner was indicted by a Grand Jury in New York County for the crimes of robbery first degree; grand larceny, first degree; assault, first degree; criminally carrying a concealed and loaded pistol; and criminally possessing a pistol after a prior conviction.
He was tgied in the Court of General Sessions of the County of New York on the above indictment and on November 24, 1941 was convicted by the verdict of a jury of the crime of robbery in the first degree. On December 29 of that year, the court sentenced the petitioner to a term of 30 to 60 years for a crime of robbery in the first degree. He was also given an additional sentence of from 5 to 10 years for possessing a gun, making a combined sentence of 35 to 70 years.
By having his minimum term reduced to 20 years, he is eligible to meet the Parole Board after serving 13 years and 4 months, provided he did not lose any good-time credits. (See Correction Law, § 230.)
The apparent purpose of chapter 584 of the Laws of 1956 (amdg. Penal Law, § 1945, subd. 2) was to reduce a prisoner’s minimum term so that he could be considered for parole. There is no direction in the statute that a prisoner be released after serving 20 years. Once a person comes under the jurisdiction of the Parole Board, he is then within the discretion of that agency as to whether or not such a person should be paroled. Parole is a matter of grace and not of right. (See People ex rel. Cecere v. Jennings, 250 N. Y. 239.) At page 241 of the opinion, we find the following: “ Parole is not a right, but a privilege, to be granted or withheld as discretion may impel ”.
*545 There is no evidence in this proceeding that the Parole Board violated any positive statutory requirement. That being so, this court may not review the board’s action or failure to act. .(See Matter of Hines v. State Board of Parole, 293 N. Y. 254.) At page 258 of the opinion, Judge Conway states the following: “ The only question presented, therefore, is one of discretion since there has been no failure to comply with statutory requirements. Matters of discretion affecting parole from the State prisons and Elmira Reformatory have not been confided to the courts. ’ ’
Relying upon the statute, and the case law of the State, the court is compelled to dismiss the petition.
Submit order.