In the Matter of Louis SIRAGUSO, Respondent, against JOSEPH W. MOORE et al., Constituting the Parole Board of the State of New York, Appellants.

Argued January 4, 1937; decided January 12, 1937.

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *Caleb Candee Brown, Jr.*, of counsel), for appellants. Appellants have failed in no duty, the performance of which should be compelled by mandamus. (Cons. Laws, ch. 43, §§ 210, 212, 213, 214; *People* v. *Washington*, 264 N. Y. 335; *People* v. *Adams*, 176 N. Y. 351; *Matter of Hogan* v. *Canavan*, 245 App. Div. 391.)

*Ward R. Burns* and *Robert J. Fitzsimmons* for respondent. The petitioner is subject to the jurisdiction of the Parole Board, and now entitled to be paroled for the purpose of serving his second sentence. (Cons. Laws, ch. 43, §§ 210, 212; *People ex rel. Mason* v. *Brophy*, 235 App. Div. 432; *Matter of Lewis* v. *Carter*, 220 N. Y. 8.)

O'BRIEN, J. March 28, 1927, Louis Siraguso was sentenced for robbery in the first degree for a term of not less than twenty nor more than forty years. By good conduct this minimum has been reduced so that the minimum expired May 21, 1934. On June 14, 1927, he was again convicted. This second conviction was for manslaughter in the first degree, committed prior to his conviction for robbery, and he was sentenced on this second conviction, as a first offender, to a term not less than ten nor more than twenty years, this second sentence to commence at the expiration of the first sentence. The minimum which he must serve under both sentences will not expire until May, 1940.

This proceeding is for mandamus to compel the Parole Board to convene and determine when the minimum term of the first sentence has been served and to consider this prisoner eligible for parole under the Correction Law (Cons. Laws, ch. 43) and " to accord to him the benefits and privileges of such consideration to which he is by

law entitled under the statutes." The Special Term denied his application but the Appellate Division reversed and granted the motion for peremptory mandamus. In support of this order respondent cites section 115 of the Executive Law (Cons. Laws, ch. 18) and sections 210 and 212 of the Correction Law.

Respondent states in his brief that it is a fact of which the court may take judicial notice that it has been the policy of the Parole Board in all cases where the prisoner is serving two indefinite terms to suspend parole consideration until the expiration of the combined minimum of both sentences. The answering affidavit states that on August 23, 1934, and January 17, 1935, Siraguso was brought before the Board of Parole and his case considered on an incomplete record and that again on March 14, 1935, upon a consideration of the whole case and record, the Board determined that he should be held until the March, 1940, meeting of the Board of Parole, at which time it would then reconsider his case and take such action as it deemed advisable.

Since the minimum for the combined sentences does not expire until May, 1940, respondent points to no law imposing a duty upon the Board to take action prior to March, 1940, the date fixed by it. Sections 210 and 212 of the Correction Law and section 115 of the Executive Law relate to eligibility for " *release* on parole." The Board must meet " at such times as may be necessary for a full study of the cases of all prisoners eligible for release on parole and to determine when * * * and to whom such parole may be granted." (Executive Law, § 115.) The time of release shall be " discretionary with the board of parole, but no such person shall be released until he has served such minimum sentence." (§ 212.) The Board is under no duty to grant any release on parole and certainly no duty is cast upon it at this time to determine the date when the minimum sentence for robbery has been served nor to consider this prisoner eligible for parole.

The minimum for both the crimes for which this prisoner was convicted has already been fixed by the sentence of the court and the acts of the Legislature and the Governor. The minimum sentence for burglary has already expired, but the sentence for manslaughter is still running. No prisoner is entitled as matter of right to release until he has served his maximum term minus credits for good behavior. That time has not yet arrived and will not arrive until after the time set by the Board for the consideration of this prisoner's case.

The order of the Appellate Division should be reversed and that of the Special Term affirmed.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Ordered accordingly.