Fred O. Barlow, Appellant, v. Mahlon H. Atkinson, Respondent.— Appeal from an order of the Greene County Trial and Special Term of the Supreme Court, made on February 11, 1938, and entered on March 19, 1938, denying plaintiff's motion to reinstate the action on the calendar, and to vacate a judgment of dismissal theretofore made on the ground of failure to prosecute. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss and Heffernan, JJ.

Curtis Cox, Appellant, v. Kenneth Oliver, Respondent.— Plaintiff has appealed from a judgment in favor of defendant and from an order denying his motion for a new trial. The action is one for assault and battery. Defendant is a police officer of the city of Albany. The proof is that on July 26, 1937, while defendant was in the performance of his duties as such police officer and while separating the participants in a fight, one of whom was plaintiff, he struck the plaintiff with his night stick. The jury found that the assault of plaintiff by defendant was justified. The evidence sustains the verdict. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss and Heffernan, JJ.

The People of the State of New York ex rel. Opal O. Meadows, Appellant, v. Thomas H. Murphy, as Warden of Clinton Prison, The New York State Board of Parole, and Others, Respondents.— This is an appeal from an order dismissing a writ of habeas corpus and denying a motion for peremptory mandamus order sought against the prison warden and Parole Board to compel them to compute appellant's time under prison sentence to be allowed for commutation on the first, second and third sentences, the appellant having three sentences. In 1932 the Governor commuted the minimum of the first sentence and specified January 28, 1933, as the expiration of the minimum term, leaving the maximum to stand at twenty years. The Governor's commutation contained the clause that the commutation was granted " in order that he may apply to the Board of Parole for States prisons for Parole in accordance with the provisions of the Law and regulations governing parole." The appellant appeared before the Parole Board on his first sentence in 1932, 1936, three times in 1938 and parole on his first sentence was denied. He was held for the May meeting of 1939. The claim of the relator seems to be that the Governor's commutation of his minimum term as of January, 1933, terminates that term and relator was entitled at that time to be paroled on his first term and to start his second term. In this he is in error. The Governor's commutation reduced the minimum of an indeterminate sentence and advanced the time when the Parole Board might act. The Board is not compelled to act. Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss and Heffernan, JJ.