In the Matter of ABRAHAM M. DITCHIK, Petitioner, against STATE BOARD OF PAROLE et al., Respondents

Supreme Court, Westchester County, July 8, 1943.

*Jacob Shientag* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Howard F. Danihy* of counsel), for respondents.

NOLAN, J. Petitioner, confined in Sing Sing Prison under an indeterminate sentence, seeks a review, pursuant to the provisions of article 78 of the Civil Practice Act, of the determination of the Board of Parole of the State of New York, which, after a hearing, determined that he should not be released on parole, and that he should serve within the prison walls his full maximum term of imprisonment. Respondents move to dismiss, on the ground that, as a matter of law, the facts stated are not sufficient to justify the issuance of an order for the relief sought.

Petitioner complains that the Board of Parole acted arbitrarily and capriciously, and failed to consider his eligibility for parole according to law, in the following respects: (1) No personal interview was given him prior to his hearing; (2) the hearing afforded him was in effect a rehearing of the facts which led to his conviction, and the decision of the Board was based on a determination that the sentence imposed on petitioner was insufficient, thus substituting the opinion of the Parole Board for the judgment of the trial court; (3) the Board of Parole refused to accord him the benefits of its published and adopted rules, relative to release on parole, and did, in other cases, release on parole other prisoners whose releases were incompatible with the welfare of society.

In order to obtain relief in this proceeding, the petition must establish a right to relief which was formerly available, in a certiorari or mandamus proceeding. Article 78 of the Civil Practice Act establishes no new remedies, and makes no change in the substantive law as to the right to relief in what were formerly known as certiorari, mandamus and prohibition proceedings. (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164.) The former writ or order of certiorari was appropriate only to review the actions of inferior courts, or public officers or bodies exercising judicial functions. It was not available to review the action of a public officer or body which was merely legislative, executive, or administrative,

although the action might involve the exercise of discretion. (*People ex rel. Trustees of Village of Jamaica* v. *Board of Supervisors of Queens County,* 131 N. Y. 468; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199; *Matter of Mount Hope Development Corp.* v. *James,* 258 N. Y. 510.) The fact that a public officer exercises judgment and discretion in the performance of his duties does not make his acts judicial. (*People ex rel. Second Avenue R. R. Co.* v. *Board of Commissioners,* 97 N. Y. 37; *Matter of Neddo* v. *Schrade,* 270 N. Y. 97; *People ex rel. Argus Co.* v. *Hugo,* 101 Misc. 481.). The relief formerly obtained in mandamus proceedings was available only where a clear legal right to relief was established. (*Matter of Fahey* v. *Wright,* 256 App. Div. 474; *Matter of Spanhake* v. *Teachers' Retirement Board,* 224 App. Div. 75, affd. 249 N. Y. 605.)

If release on parole were a matter of right, petitioner would be entitled to relief, or at least to a trial of any issues presented. The relative provisions of the Correction Law, and the decisions of appellate courts, which are controlling, however, require a determination that in deciding whether or not petitioner should be released on parole, the Board of Parole exercised a plenary power vested in it by the Legislature, and neither acted in a judicial or quasi-judicial capacity, nor denied petitioner any right to which he was entitled.

The Board of Parole is a part of the Executive Department of the State. (Executive Law, § 115.) Its powers and duties are provided by article 8 of the Correction Law. The Board is charged with the duty of determining what prisoners serving indeterminate sentences in State prisons may be released on parole, and the time and conditions under which release may be granted. The time of release is discretionary with the Board, provided that a prisoner has served his minimum sentence, and not less than one year. Release may not be granted on the application of a prisoner, nor may the Board entertain such an application. No prisoner may be released on parole merely as a reward for good conduct, or efficient performance of duties assigned him, but only if the Board is of the opinion that his release is not incompatible with the welfare of society. The Board must reach its own conclusions as to the desirability of releasing a prisoner on parole, and he may be so released only by the unanimous vote of the Board. If released, the prisoner remains, although outside the prison walls, in the legal custody of the warden of the prison from which he is released, until the expiration of his full maximum sentence, and if he violates

the conditions of parole, or if the parole officer having charge of his case has reasonable cause to believe that he has lapsed, or is probably about to lapse, into criminal ways or company, or has violated the conditions of parole, he may be retaken, and may be required to serve, in prison, the balance of his maximum term. The Board is not required to give a prisoner a hearing, in considering his eligibility for parole, except as a prerequisite to release, and the statute provides no conditions which require the release on parole of a prisoner subject to the jurisdiction of the Board.

The Appellate Division of this court, in this department, had occasion to pass on the provisions of the Correction Law in question, in *Matter of Hogan* v. *Canavan* (245 App. Div. 391). Mr. Justice DAVIS, in writing for a unanimous court, said: " * * * it is readily apparent that the proceedings by which a prisoner is paroled, and those by which his parole is ended are not judicial, or quasi-judicial in their nature, and do not result in a judicial determinaton by a tribunal. The Commissioners, as their title implies, are executives and their acts are administrative in character. They exercise discretion in determining that a prisoner shall be paroled. No application for parole is permitted to be made by him or in his behalf. He can offer no evidence nor be represented by counsel. His release on parole, like a pardon, is an act of grace. There is no appeal or review by him or by anyone else in respect to granting or refusing a parole. * * * There can be no judicial review of executive or administrative acts involving individual judgment or discretion." (See, also, *Matter of Angione* v. *Murphy,* 257 App. Div. 1020; *People ex rel. Meadows* v. *Murphy,* 257 App. Div. 1021; *People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239; *People ex rel. LaPlaca* v. *Haecox,* 238 App. Div. 217; *People ex rel. Romain* v. *Parole Commission,* 116 Misc. 758, affd. 205 App. Div. 840.)

It is true that section 212 of the Correction Law provides that " The action of the board of parole in releasing prisoners shall be deemed a judicial function and shall not be reviewable if done according to law." No function other than the action of the Board in releasing prisoners is declared to be judicial in its nature. In releasing prisoners, however, the Board takes action which affects a right, namely, the right of the People of the State to preserve the integrity and effectiveness of a judgment of conviction. (*Matter of Lewis* v. *Carter,* 220 N. Y. 8.) If done according to law, that is, in a case in which the Board has discretionary power to act, the action of the Board is not

subject to review. If done otherwise than according to law, the action of the Board may be reviewed at the instance of the People.

The Appellate Division, in this department, considered this provision of the Correction Law on a motion for reargument in the *Hogan* case. In denying the motion, the court said: " The limited review given in section 212 of the Correction Law is not available to one imprisoned and whose parole is under consideration or has been acted upon, nor to one who has been again taken into custody and found delinquent." (*Matter of Hogan* v. *Canavan*, 246 App. Div. 734.)

If release on parole is to be considered as an act of clemency, petitioner's assertion that the Board of Parole, in refusing to release him, considered the sentence imposed by the court inadequate, and thus substituted its judgment for that of the court, and his assertion that the Parole Board has released others whose records he considers worse than his own, present no question for review. The term of imprisonment is fixed by the court, and the Parole Board may neither increase nor diminish it. If parole is not a right but an act of grace, however, it follows that the court, in imposing an indeterminate sentence, had in mind the provisions of the Correction Law relating to parole, and sentenced the prisoner to serve his maximum term, subject to the discretionary power vested in the Board of Parole to permit him to serve part of that term outside the prison walls. (See *People* v. *Washington,* 264 N. Y. 335; *People* v. *Adams,* 176 N. Y. 351.) It also follows that the Board of Parole may not be compelled to exercise clemency in petitioner's case because it has done so in other cases.

Petitioner relies on the decision made at Special Term in Ulster County, on January 8, 1943, in a similar proceeding brought by one Edward J. O'Connor against the State Board of Parole. There the court denied a motion to dismiss made by the respondent, similar to that made in this case. The order denying dismissal was affirmed. (*Matter of O'Connor* v. *State Board of Parole,* 264 App. Div. 797.) The decisions of the Special Term and the Appellate Division in that proceeding are, of course, respected by this court. They appear, however, to be in conflict with the decisions of our own Appellate Division in *Matter of Hogan* v. *Canavan* (*supra*). Such being the case, the decision in the *Hogan* case is controlling in this department.

Motion to dismiss proceeding granted. Submit order.