In the Matter of JAMES J. HINES, Petitioner, against STATE BOARD OF PAROLE, Respondent.

Supreme Court, Special Term, Albany County, August 30, 1943.

*Nathaniel L. Goldstein, Attorney-General (William F. McNulty* of counsel), for respondent.

*Jacob Shientag* for petitioner.

SCHIRICK, J. The petitioner, James J. Hines, was convicted in New York County of an indictment charging him with aiding in the operation and maintenance of a lottery. He is presently serving his sentence at Sing Sing Prison.

About one month prior to the expiration of Hines' minimum sentence, the Board of Parole met at the prison to consider the question of parole. A session was held at which Hines was present. What happened afterwards is disclosed in the affidavits presented by the respondent. Before the next case was called, the Board of Parole discussed° the Hines case, and reached its decision denying parole at that time and putting the case over for one year. The decision was thereupon announced to the official stenographer, who recorded it in his minutes. Two days later, after the respondent had acted upon all the cases at the Sing Sing Prison, a notice of decision was prepared by the parole officer permanently stationed at the prison, and subsequently this notice was delivered to Hines.

Feeling aggrieved by this decision denying him parole, the petitioner on June 18th last brought a proceeding in Westchester County. The court there, Mr. Justice NOLAN presiding, granted a motion by the respondent striking out the petition as improper in form, but granting leave to serve an amended petition within twenty days. Thereafter, the petitioner asked and procured leave to discontinue the Westchester County proceeding, without prejudice to his right to renew. The reason for such move is stated in his attorney's affidavit, then presented to the court. In it he states that he had become convinced that his client's hopes for ultimate success were better in the Third Department than in the Second, since only in the former had it been held that a determination of the Board of Parole is reviewable by the court.

The present proceeding was thereupon commenced, on August 17th. Before the return day, the respondent secured an order to show cause, granted by Justice BERGAN, requiring the petitioner to show why the venue of the proceeding should not be changed to Westchester County, and extending the time to answer the petition until ten days after the determination of such order to show cause. It is this narrow issue of venue which is now before me. No decision upon the merits is involved.

This proceeding is brought pursuant to article 78 of the Civil Practice Act. That article contains its own venue provision. Section 1287, entitled "Where proceeding to be brought", reads, so far as is here relevant, as follows: "The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by

law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be, or wherein it is alleged in the petition that the material facts otherwise took place; * * *.''

The issue is, therefore, a narrow one: Where did the Board of Parole make its determination denying parole to Hines?

It seems to the court that the part of the above-quoted section dealing with the place where the proceedings are brought or the material facts otherwise took place have reference to proceedings which, in the past, were called prohibition and mandamus, and not to the present proceeding, which is in the nature of certiorari. However that may be, this decision would not be different if the issue were otherwise phrased.

As an issue of fact, the affidavit proof contained in the motion papers points in just one direction. The respondents alone are in a position to say where they made their determination. Their statement is, unequivocally, that they made it at the Sing Sing Prison, which is in Westchester County. As against such statement, and the circumstances stated in support of it, the words of the petitioner that he '' has now ascertained that the determination of respondent dated May 13, 1943, * * * was made at the principal office of respondent in the City of Albany * * * '' can have no probative value.

In the nature of the case, the petitioner is under a handicap upon this factual issue. He is unable to contradict facts which are within the sole knowledge of the respondent. For this reason, the court would be more reluctant to reach the decision which it has reached were it not for certain provisions of the statute supporting the position taken by respondent.

Article 11 of the Executive Law creates the Board of Parole and defines its powers and duties. Section 115, or so much thereof as is relevant, reads as follows: '' * * * The principal office of the board of parole shall be at Albany. * * * The board of parole shall meet at each of the institutions under its jurisdiction at such times as may be necessary for a full study of the cases of all prisoners eligible for release on parole and to determine when and under what conditions and to whom such parole may be granted. * * * ''

It is apparent that the respondent has been directed by the Legislature to meet at the various institutions for a study of the cases of prisoners eligible for parole and to determine when and how parole should be granted. It appears to the court that the statute requires that both the study and the determination be made at the prison. Certainly, such a course is sanctioned. The petitioner's contention that the determination must neces-

sarily be made at the principal office at Albany is without foundation.

While the court is sympathetic to the petitioner's plea for a speedy determination on the merits of this proceeding, it is constrained, by section 1287 of the Civil Practice Act, to grant this motion.

Submit order.