In the Matter of JAMES J. HINES, Appellant, against STATE BOARD OF PAROLE, Respondent.

Third Department, November 16, 1943.

*Jacob Shientag*, attorney for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General*, and *William F. McNulty, Assistant Attorney-General*, of counsel), for respondent.

HEFFERNAN, J. Petitioner has appealed from an order of the Albany Special Term of the Supreme Court changing the place of hearing of this proceeding from Albany County to Westchester County.

The proceeding is one under article 78 of the Civil Practice Act, in the nature of certiorari, to review a determination of the State Board of Parole, denying parole to petitioner, an inmate of Sing Sing State prison, in Westchester County.

Petitioner was convicted on October 14, 1940, in the Court of General Sessions, New York County, on four counts of an indictment charging him with aiding in operating and maintaining a lottery, and was thereupon sentenced to an indeterminate term of imprisonment of one to two years on each count, the sentences to run consecutively. The judgment of conviction was affirmed by the Appellate Division (*People* v. *Hines*, 258 App. Div. 466) and modified and as modified affirmed by the Court of Appeals (284 N. Y. 93). Petitioner has since been incarcerated in the prison to which he was committed.

By action of the Governor petitioner's minimum sentence was reduced, pursuant to the provisions of article 9 of the Correction Law, so that he became eligible for parole on June 13, 1943.

On May 11 and 12, 1943, the members of the respondent, pursuant to section 115 of the Executive Law, convened at the hearing room in Sing Sing prison for the purpose of considering the cases of inmates of that institution who were eligible for parole.

Appellant appeared before the Board and was interrogated by the members thereof on one and only one subject — Was he guilty of the crime of which he was convicted? — which he vehemently denied.

Without any further inquiry the Board denied petitioner's application and notice of that determination was transmitted

to him on May 13, 1943. This proceeding was then instituted to review the Board's decision.

If the Board accorded petitioner the hearing which the law requires, its determination is reviewable only at a Special Term of the Supreme Court held within the judicial district embracing the county where the determination was made. Acting on the assumption that petitioner had a lawful hearing at the prison and that the Board's decision was there made, the Special Term very properly made the order of transfer. (Civ. Prac. Act, § 1287; Executive Law, § 115.)

It seems to us, however, that petitioner has mistaken his remedy in applying for an order in the nature of certiorari rather than for one in the nature of mandamus to compel the Board to take proper action on his application. However, the court has ample authority to grant the appropriate relief.

By the provisions of sections 212 and 214 of the Correction Law the Board was required to give petitioner a hearing before passing upon his application for release. Such a hearing contemplates inquiring into the prisoner's record in prison, whether or not " he will be suitably employed in self-sustaining employment if so released " and generally into his eligibility for parole. It is not disputed that the examination of petitioner was limited to an effort to obtain from him an admission of his guilt of the crime for which he was convicted. Certainly that is not the hearing that the law required. Whether petitioner is guilty or not guilty can have no possible bearing on the question as to whether or not he should be released from prison. The hearing which the Board accorded the petitioner, if not farcical, certainly cannot be viewed as the exercise of a judicial function.

However, irrespective of the nature of the relief for which petitioner is applying, his application must be made in the judicial district embracing Westchester County.

The order appealed from should be affirmed.

CRAPSER and SCHENCK, JJ., concur; HILL, P. J., concurs in the result; BLISS, J., concurs in the result, upon the ground that the statute requires the review to be had in Westchester County.

Order affirmed, without costs.