In the Matter of JAMES J. HINES, Petitioner, against STATE BOARD OF PAROLE, Respondent.

Supreme Court, Special Term, Westchester County, December 15, 1943.

*Jacob Shientag* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (William F. McNulty* of counsel), for respondent.

ALDRICH, J. This is a proceeding instituted by the petitioner under article 78 of the Civil Practice Act, by which, as alleged in the petition (paragraph 1), the petitioner seeks to review the determination of the Board of Parole of the State of New York, dated May 13, 1943, which refused parole to the petitioner and denied him a release on parole from Sing Sing Prison, where the petitioner has been incarcerated, and which postponed the question of his release on parole until May, 1944. By the demand for relief the petitioner is, in effect, seeking more than a mere review by certiorari of the refusal of the

Board of Parole to release him on parole. He asks that on the basis of such review a final order issue from this court commanding the Board of Parole to certify the petitioner for parole forthwith. The proceeding was originally instituted in the third judicial district, the petition setting forth that the determination complained of was made in the city of Albany. Upon motion of the respondent the Special Term in the third judicial district (181 Misc. 277) changed the venue of the proceeding to the county of Westchester, it appearing that the determination of the Board complained of had been made at Sing Sing Prison. Upon appeal by the petitioner to the Appellate Division of the Third Department, the order of the Special Term was affirmed. (267 App. Div. 99.) Thereupon the application was brought on before this court. The respondent now moves, pursuant to section 1293 of the Civil Practice Act, for an order dismissing the petition as a matter of law.

From the petition it appears that the petitioner was convicted on four counts of an indictment, in the Court of General Sessions in New York City on or about October 14, 1940, and was thereupon sentenced to an indeterminate term of imprisonment of one to two years on each count, the sentences to run consecutively. In effect, this resulted in an aggregate indeterminate sentence with a minimum of four years and a maximum of eight years. After the imposition of sentence the petitioner was transferred to Sing Sing Prison, where he has since been confined. Subsequently, so it is alleged, the Governor reduced the aggregate minimum sentence so that the petitioner became eligible for release on parole on June 13, 1943. On May 11, 1943, the petitioner was directed to appear before the Board of Parole at the prison. There is set forth in the petition the version of the petitioner as to what happened on that occasion. The petitioner says that the proceedings took some eight minutes, at the end of which time he was dismissed. On May 13, 1943, the petitioner received written notice from the Board of Parole that his parole had been deferred until May, 1944, for further consideration at that time. The petition (paragraph 1) states " petitioner had fully completed his sentence on June 13, 1943." This is obviously not supported by the facts pleaded. The petition justifies the conclusion that the aggregate minimum sentence, as commuted by the Governor, made the petitioner eligible for parole on June 13, 1943, but his maximum sentence of eight years will not expire until on or about October 14, 1948. The petition sets forth the contention of the petitioner that the

action of the Board of Parole in refusing to release him when he became eligible for parole was arbitrary, capricious, unlawful, et cetera, and various matters which the petitioner claims justify such conclusion are set forth in the petition. We have, then, the specific point to be determined whether the refusal of the Board of Parole to grant parole to the petitioner, claimed to be arbitrary, et cetera, can be reviewed by this court. The petitioner contends that it can be so reviewed and asks that a hearing be ordered upon his application, and apparently goes further and takes the position that at the conclusion of such a hearing the court would have the authority by a mandatory order to require the Board of Parole to release him on parole accordingly. The Board takes the position that the refusal of parole was a matter of discretion and, even though claimed to be arbitrary, et cetera, is not subject to review by this court under article 78 of the Civil Practice Act.

After a careful examination of the statutes and the decisions thereunder, the conclusion has been reached by this court that the Board of Parole is correct in its legal position. Parole is a matter of discretion and not a matter of right. The authority to release on parole has been confided to the Board of Parole and not to the courts. Parole cannot be compelled by a mandatory order. Nor is the refusal of the Board to grant a parole subject to review by order in the nature of certiorari. The motion by the respondent to dismiss the petition, as a matter of law, is, therefore, granted. This conclusion is sustained by the language of the statutes (Executive Law, § 115; Correction Law, art. 8, §§ 210–223) and by numerous decisions. (*Matter of Siraguso* v. *Moore*, 273 N. Y. 59; *People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239, 241; *Matter of Hogan* v. *Canavan*, 245 App. Div. 391, reargument denied 246 App. Div. 734; *Matter of Dustin* v. *Murphy*, 257 App. Div. 1020, affd. 283 N. Y. 654; *Matter of Angione* v. *Murphy*, 257 App. Div. 1020, motion for leave to appeal denied 281 N. Y. 884; *People ex rel. Meadows* v. *Murphy*, 257 App. Div. 1021, motion for leave to appeal denied 281 N. Y. 888; *Matter of Ditchik* v. *State Board of Parole*, 181 Misc. 346; *People ex rel. Kohlepp* v. *McGee*, 256 App. Div. 792, appeal dismissed 282 N. Y. 677; *People ex rel. Kleinger* v. *Wilson*, 254 App. Div. 406; *People ex rel. von Moser* v. *State Parole Board*, 179 Misc. 397, affd. 266 App. Div. 896; *Matter of Bitz* v. *Canavan*, 257 App. Div. 247, affd. 281 N. Y. 699.)

In 1935 the Law Revision Commission made a report to the Governor on certain matters connected with the administration of the Correction Law. In discussing some phases of that

subject matter the Law Revision Commission used the following significant language to indicate its understanding of the point of law involved in this proceeding (1935 Report, Law Revision Commission, p. 508) : '' The cases in the analogous field of parole indicate that the Courts will not intervene to compel a grant of the beneficences of the Parole Law. Mandamus will not lie to effect the release of any prisoner upon parole; and, indeed, the Court of Appeals has indicated that even to mandamus the Board of Parole to consider a prisoner's application for parole might be a futile gesture, since the Board of Parole may refuse such applications without the possibility of judicial correction or supervision.'' The report cites *People ex rel. Cecere* v. *Jennings* (250 N. Y. 239, *supra*) and makes quotation of the language of the Court of Appeals in that case. This report came directly to the attention of the Legislature with certain proposed legislation (pp. 477–481). The Legislature acted upon the proposed legislation. If the Legislature had any intention contrary to the language quoted in the report on the subject of the point involved in this case, it is reasonable to assume that it would have been expressed in the form of some legislation during the intervening eight years.

The petition is dismissed. Settle order on two days' notice at Chambers, Poughkeepsie.