Harold A. Stevens, J.
This article 78 proceeding raises the question whether respondents acted properly in determining that certain crimes of which petitioner was convicted in the Federal jurisdiction are such as are felonies under the laws of New York State, and pursuant to section 219 of the Correction Law, petitioner must be compelled to serve in State prison the portions remaining of the maximum terms of sentences imposed heretofore by New York State courts. Respondents cross-move for dismissal of the petition for failure to state facts sufficient to justify the institution of an article 78 proceeding and that petitioner’s remedy is solely by way of habeas corpus, that the petitioner does not state facts sufficient to entitle the petitioner to any relief, that the determination is not reviewable and, finally, that no jurisdiction exists for the maintenance of the proceeding in New York County. They contend that the application must be made by habeas corpus, and that it is premature in any event (People ex rel. Dote v. Martin, 294 N. Y. 330; Matter of Mello v. Board of Parole, 282 App. Div. 940 [see order of Special Term, Brisach, J.], N. Y. L. J., July 23, 1953, p. 129, col. 2) and that jurisdiction of the matter does not lie in New York County (Matter of Hines v. State Board of Parole, 267 App. Div. 99; Matter of Mello v. Board of Parole, 283 App. Div. 1028 [see order of Special Term, Corcoran, J.], N. Y. L. J., Feb. 16, 1954, p. 7, col. 8). Petitioner has submitted no points in opposition to those raised by respondents in support of their cross motion. The cross motion is granted upon the ground of lack of jurisdiction, without prejudice to renewal in the proper county, or petitioner may, if he so elects, settle an order for transfer.