THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN MERRILL, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

Third Department, December 30, 1958.

*John Merrill,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair* and *Winifred C. Stanley* of counsel), for respondent.

*Per Curiam.* Relator's sentence, imposed October 5, 1953, as later modified by the court (286 App. Div. 307) consisted of

two indeterminate terms to run consecutively — the first of two and one-half to five years; the second of one to two years.

The Board of Parole computed the aggregate minimum sentence to be three and one-half years and the aggregate maximum seven years. The aggregate minimum as calculated by the board expired July 20, 1955 and the aggregate maximum would expire December 11, 1959.

Relator was released on parole October 14, 1955 and on November 15, 1957 was declared delinquent and was returned to prison February 10, 1958. He was charged by the board with delinquent time of one year, 11 months, 18 days; and with this added to the aggregate maximum term, the board has determined that the maximum term will not expire until January 28, 1960.

The power of the Board of Parole to integrate two consecutive sentences to determine an aggregate minimum of three and one-half years is conceded by relator. (*Matter of Siraguso* v. *Moore,* 273 N. Y. 59.) But relator contends that the board was without power to fix an aggregate maximum of seven years by adding together the two maximum sentences of five and two years.

Relator's theory as stated in his petition for the writ is that since at the time of his parole in October, 1955 both minimum sentences having expired by the board's calculation of the aggregate minimum, that the " parole operated to commence the service of the second sentence "; that since the date of delinquency November 15, 1957 was in excess of two years from the date of parole he " had completed his second sentence and was only required to serve the balance of his first sentence ", i.e., " from two and one-half years to five years ". He alleges that the expiration date " of said sentence " was October 7, 1958.

In his brief he argues that " the length of my second sentence (1 to 2 years) falls within the scope of my first sentence (2½ to 5 years) and at no time does my maximum exceed 5 years ". His calculation in the brief is that the maximum of the second sentence was reached, and hence the sentence was fully served on July 20, 1956, and on the first sentence on December 9, 1957.

Whichever way these calculations may run, they depend on holding that the Board of Parole is without power to spell out an aggregated maximum of seven years. This power is not only implicit in section 2190 of the Penal Law, but it is perfectly clear in the nature of consecutive sentences that the maximum portions of consecutive sentences may be treated cumulatively, i.e., the prison authorities and Board of Parole could do literally

what the court said to do, keep the prisoner until one sentence had run out in maximum before any part of the next sentence began to run (cf. § 2190, subd. 1), and then keep the prisoner until the next sentence had run in maximum.

This power, flowing from the nature of the judgment of the court, is not diminshed by release of the prisoner on parole. We hold that the board had jurisdiction to fix an aggregate maximum in relator's sentence of seven years.

Such a view is consistent with the decision in *People ex rel. Di Vito* v. *Fay* (3 A D 2d 926, affd. 4 N Y 2d 864). There the Appellate Division ruled that under indeterminate consecutive sentences the prisoner was subject to the jurisdiction of the Board of Parole " until the expiration of the sum of the maximum of the two sentences ". (See, also, *People ex rel. Kenny* v. *Jackson,* 3 A D 2d 958.)

The order dismissing the writ of habeas corpus should be affirmed.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Order dismissing writ of habeas corpus affirmed.