■ WYNDOVER WOODS PROPERTIES CORP., Respondent, v. TOWN OF GREENBURGH et al., Appellants.— Judgment of the Supreme Court, Westchester County, entered March 19, 1965, reversed on the law, without costs, petition dismissed and proceeding remitted to the trial court for entry of judgment dismissing the petition and making appropriate provision as to the payment of the Referee's fee, the amount of which as fixed by the trial court, $500, we approve; without prejudice to petitioner's testing its rights under Local Law No. 3 of the 1965 Local Laws of the Town of Greenburgh, as amended by Local Law No. 1 of the 1966 Local Laws. We apply the law as it stands at the time of this appeal. There is now an ordinance governing the matters in issue (the above-mentioned Local Law). Petitioner may test its rights as provided by said ordinance and such other remedies as are appropriate to test the validity of said ordinance. Section III of the ordinance provides for an appeal by an aggrieved person to the Town Board. The validity of a legislative act may not be tested in a CPLR article 78 proceeding (*Matter of Neddo* v. *Schrade*, 270 N. Y. 97, 102; *Casterlin* v. *Mullin*, 26 A D 2d 629; CPLR 7801). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ ZEMACH CORP., Also Known as ZEMACH CORPORATION, Appellant, v. AUTOMATIC FIRE ALARM COMPANY, Respondent.— Order of the Supreme Court, Kings County, dated June 1, 1966, reversed, with $10 costs and disbursements, and plaintiff's motion to dismiss the affirmative defense in defendant's answer granted (*Melodee Lane Lingerie Co.* v. *American Dist. Tel. Co.*, 18 N Y 2d 57, 68–70). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of VIRGINIA M. GARISTO, Appellant, v. FRANK GARISTO, JR., Respondent.— Motion by appellant for leave to appeal as a poor person and for assignment of counsel on appeal from an order of the Family Court, Rockland County, dated March 9, 1967, granted. Milton M. Kase, Esq., having consented to serve, is assigned as counsel to prosecute the appeal. Pursuant to statute (CPLR 1102, subd. [b]), the stenographer of the trial court shall make and certify two typewritten transcripts of the stenographic minutes of the trial and shall deliver one to appellant's attorney and file the other with the clerk of the trial court. The appeal will be heard on the original papers (including the typewritten minutes) and on the typewritten briefs of the respective parties, who are directed to file eight copies of their respective briefs and to serve one copy on each other (see Rules App. Div. 2d Dept., Part 1, rule I, subd. [11], rule X, eff. March 27, 1967; Family Court Act, §§ 1016, 1018). Beldock, P. J., Rabin, Benjamin, Munder and Nolan, JJ., concur.