# Fourth Department, April, 1968

## (April 4, 1968)

■ In the Matter of Lakeland Water District, Respondent, v. Onondaga County Water Authority, Appellant. In the Matter of Village of Solvay, Respondent, v. Onondaga County Water Authority, Appellant.— Order unanimously affirmed, with costs. Memorandum: Special Term properly granted respondents the right to examine appellant Authority's officers, employees and records and directed a hearing to determine whether the rate increases effective June 1, 1967 were excessive and arbitrary. However, inasmuch as the action of the Authority sought to be reviewed is legislative, rather than judicial or quasi-judicial, article 78 of the CPLR is not the proper procedure to employ (*Matter of Mandis* v. *Gorski,* 24 A D 2d 181, 183; *Matter of Porter Flushing Realty Co.* v. *New York City Planning Comm.,* 21 A D 2d 864; Fox, Reviewability of Quasi-Legislative Acts of Public Officials in New York Under Article 78 of the CPLR, 39 St. Johns L. Rev. 49; Berger, Administrative Arbitrariness and Judicial Review, 65 Col. L. Rev. 55; *Matter of Neddo* v. *Schrade,* 270 N. Y. 97, 103; *Matter of Paliotto* v. *Cohalan,* 6 A D 2d 886, affd. 8 N Y 2d 1065). Nevertheless, the inapplicability of article 78 is not fatal to the proceeding. Under CPLR 103 (subd. [c]) once "a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought

in the proper form, but the court shall make whatever order is required for its proper prosecution." (*Matter of Mandis* v. *Gorski, supra*; *Matter of Novak* v. *Wereszynski*, 21 A D 2d 427, 430.) Special Term had jurisdiction of the subject of this action (*Town of Amherst* v. *Niagara Frontier Port Auth.*, 19 A D 2d 107) and should have made a declaration in respondents' favor. A declaratory judgment action is the proper vehicle for inquiry into the reasonableness of the rates fixed by the Authority (*Town Board* v. *City of Poughkeepsie*, 22 A D 2d 270). The determination that the rate schedule may be reviewed by a court is further supported by subdivision 6 of section 1153 of the Public Authorities Law which expressly denies " the public service commission [and] any other board or commission of like character " jurisdiction over appellant Authority in the matter of rate fixing, but does not expressly deny jurisdiction to the courts. Special Term correctly refused to dismiss the proceeding and its order granting the inspection and hearing should be affirmed. (Appeal from order of Onondaga Special Term granting motions to inspect records and hold examination.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.