■ In the Matter of HOWARD CONKLIN et al., Appellants, v TOWN BOARD OF THE TOWN OF WARWICK, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent town board to reinstate petitioners as members of the Planning Board of the Town of Warwick, petitioners appeal from a judgment of the Supreme Court, Orange County, dated March 18, 1977, which, *inter alia,* dismissed the petition. Judgment modified, on the law, by deleting therefrom the provision dismiss-

ing the petition and substituting therefor provisions (1) converting this proceeding into an action for a declaratory judgment and (2) declaring that respondent's abolition of the planning board was valid. As so modified, judgment affirmed, without costs or disbursements. Since Special Term found that the town board's dissolution of the planning board was not a subterfuge for the removal of its members without cause and without a public hearing, its conclusion that this was a legislative and not an administrative act was correct (see *Matter of Seifried v Town of Clarkstown,* 23 AD2d 795, mot for lv to app den 16 NY2d 485). As a legislative act, the validity of the dissolution of the planning board may not be tested in an article 78 proceeding (see *Wyndover Woods Props. Corp. v Town of Greenburgh,* 27 AD2d 947; *Matter of Neddo v Schrade,* 270 NY 97, 102-103). However, pursuant to CPLR 103 (subd [c]), such a proceeding may be converted into an action for declaratory judgment, the proper form for reviewing legislative acts (see *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 29 AD2d 1042, mod 24 NY2d 400; *Erie County Water Auth. v County of Erie,* 47 AD2d 17). Since this court has jurisdiction over the parties and subject matter of this action, we treat this proceeding as an action for declaratory judgment. The power to abolish the planning board is implied from the permissive language used to give town boards the right to appoint planning boards (see Town Law, § 271). Where the power to legislate is general or implied, and the manner of exercising it not specified, there must be a reasonable use of such power, or the resolution may be declared invalid by the courts *(Village of Carthage v Frederick,* 122 NY 268, 271). The record indicates that the use of such power was reasonable, and thus that the abolition of the planning board was valid.Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.