Hon. Donald G. Walls Town Attorney, Chenango
This is in response to your letter wherein you seek our advice relative to the powers of a town planning board. You state that the Planning Board of the Town of Chenango promulgated a regulation, after a public hearing and approval of the Town Board, all pursuant to section 272 of the Town Law. The regulation in question requires that concrete curbs and gutters be included in all future subdivisions. You ask whether the provisions of section 277 of the Town Law would authorize the Planning Board to waive the aforesaid regulation. You note that there is no provision in the existing subdivision regulations for a waiver for any reason to any of the subdivision regulations.
Article 16 of the Town Law contains the statutory authority for zoning and planning in towns in the State of New York. Section 271 authorizes town boards to create and abolish town planning boards (Conklin v TownBoard of Town of Warwick, 59 A.D.2d 532 [2d Dept, 1977]; 1971 Atty Gen [Inf Opns] 151). Once established, town planning boards are vested with such powers, duties and obligations as are conferred upon them by law.
Section 272 of the Town Law authorizes town planning boards to adopt rules and regulations in respect to "any subject matter over which it has jurisdiction under this article or any other statute, after public hearing by the planning board and subject to approval of the town board."
It would appear that, with respect to the approval of plats, the Planning Board would have jurisdiction to regulate curbs and gutters (Town Law, §§ 276 and 277). These regulations would, however, have to be adopted pursuant to the aforesaid procedures of section 272, as do all regulations of the Planning Board (see 1960 Opns St Comp 144).
With this in mind, we can read subdivision 3 of section 277 of the Town Law, which states:
 "3. Notwithstanding, the foregoing provisions of this section the planning board may waive, subject to appropriate conditions, the provision of any or all of such improvements and requirements as in its judgment of the special circumstances of a particular plat or plats are not requisite in the interest of the public health, safety and general welfare, or which in its judgment are inappropriate because of inadequacy or lack of connecting facilities adjacent or in proximity to the subdivision."
It is our opinion that this section would authorize, for the purpose of plat approval, the Planning Board to waive a regulation when, in its judgment, it is not requisite in the interest of the public health, safety and general welfare. To read it otherwise would render the waiver provision ineffective. It is a fundamental rule of statutory construction that every provision of a statute was intended for some useful purpose and that objectionable results should be avoided (McKinney's Statutes, § 144).