THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD P. MASON, Appellant, *v.* JOSEPH H. BROPHY, as Warden of Auburn Prison, Auburn, New York, Respondent.

Fourth Department, May 18, 1932.

*Edward P. Mason*, appellant, in person.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Assistant Attorney-General*, of counsel], for ·the respondent.

PER CURIAM.   The relator was sentenced, for robbery in the first degree, as a first offender, to serve not less than twenty nor more than twenty-one years in a State prison.   His writ of habeas corpus, to test the validity of such sentence, has been dismissed by the Special Term.   He appeals from the order of dismissal.

Relator argues, in his brief, that the intent of section 2189 of the Penal Law (as amd. by Laws of 1919, chap. 411) is that every indeterminate sentence must have its minimum and its maximum in the exact ratio of one to two.   Clearly that is not so.   The section first provides for an indeterminate sentence for all first offenders, excepting those convicted of murder.   It then provides that the minimum duration of the indeterminate sentence shall not be less than one year in any case, and that, in case a minimum sentence for the crime is fixed by law, the minimum of the indeterminate sentence shall not be less than the minimum fixed by law. The balance of the section does not affect our case, because, in the case of robbery in the first degree, a minimum sentence of fifteen years' imprisonment is fixed by law (Penal Law, § 2125, as amd. by Laws of 1926, chap. 436).   Then section 2191 provides that in the case of a crime where the minimum period is fixed by law and no maximum is prescribed (which is our case), the maximum may be imprisonment for life or for any number of years not less than the minimum prescribed.   It follows that the relator's sentence was not illegal and void as claimed.

Relator argues that an absurdity results from the fact that, under his sentence, the minimum may be greater than the maximum, by reason of the fact that his compensation for good behavior, if earned, will cut off more than one year from his maximum sentence. This argument is answered by the fact that the law has been so amended that the compensation is now deducted from the minimum rather than the maximum of the indeterminate sentence (Laws of 1931, chap. 348, amdg. § 230, subd. 4, of the Correction Law), and the relator, if he has earned for himself by good conduct and by

efficient and willing performance of his duties a compensation or diminution of his sentence, will be entitled to release or parole at the expiration of the minimum sentence imposed by the court, less the allowance credited to him for compensation, notwithstanding the provisions of section 212 of the Correction Law (added by Laws of 1928, chap. 485, as amd. by Laws of 1929, chap. 243).

The order appealed from should be affirmed.

All concur.

Order affirmed.