## THIRD DEPARTMENT, JUNE, 1936.

In the Matter of the Application of ROBERT J. FITZSIMMONS, on Behalf of LOUIS SIRAGUSO, Petitioner, Appellant, for an Order of Mandamus against JOSEPH W. MOORE and Others, Constituting the Parole Board of the State of New York, Respondents.

Hill, P. J., McNamee and Bliss, JJ., concur; Rhodes, J., dissents, with an opinion in which Crapser, J., concurs.

RHODES, J. (dissenting). Petitioner seeks a peremptory order of mandamus directed to the members of the Board of Parole of this State requiring them to convene and determine according to law the date when the minimum term of the sentence imposed upon him has been served, and to consider the petitioner herein eligible for parole under the provisions of the Correction Law.

On the 28th of March, 1927, petitioner was convicted in the County Court of Queens county of the crime of robbery, first degree, and was thereupon sentenced by the court to serve a term in State prison of not less than twenty nor more than forty years. Thereafter, and on the 14th day of June, 1927, he was convicted in the Court of General Sessions, County of New York, of the crime of manslaughter in the first degree and was thereupon sentenced to serve a term of not less than ten nor more than twenty years, such sentence to commence at the expiration of the first sentence above referred to. Thereafter, pursuant to subdivision 4-a of section 230 of the Correction Law, added by Laws of 1933, chapter 510, amended by Laws of 1934, chapter 190, now section 1945 of the Penal Law, Laws of 1935, chapter 902, the minimum of the first sentence imposed upon petitioner was reduced, to ten years.

Both parties agree that under the provisions of section 230 of the Correction Law, chapter 243, Laws of 1929, he is entitled to earn compensation for good conduct and efficient and willing performance of duties, to be deducted from the amount of his minimum sentence (See *People ex rel. Mason* v. *Brophy*, 235 App. Div. 432); however, they differ in their computation as to when his right to parole will commence, assuming that by good conduct and willing performance of duties he is entitled to compensation; the petitioner asserting that his minimum term, if granted compensation, will expire November 29, 1933. The defendants assert that such minimum term will not expire until the 21st day of May, 1934. The petitioner's counsel, however, on the argument, specifically stated that in order to avoid any question of fact he will accept the defendants' figures as to the time when petitioner will be entitled to parole under such first sentence.

Petitioner claims that when he has served the minimum of his first sentence it becomes the duty as distinguished from the right of the Parole Board to convene and fix the date when the minimum sentence shall have been served, so that he may then be subject to such rules and regulations as the Board may prescribe. He refers to sections 210 and 212 of the Correction Law to support his claim.

Section 210 provides in part that " Subject to other provisions of law, the Board of Parole * * * shall be charged with the duty of determining what prisoners serving an indeterminate sentence in State prisons * * * may be released on parole and *when* and under what conditions."

Section 212 provides as follows: " Prisoners subject to parole. Every person sentenced to an indeterminate sentence and confined in a State prison, who has never before been convicted of a crime punishable by imprisonment in a State prison, *when he has served a period of time equal to the minimum sentence* imposed by the court for the crime of which he was convicted, *shall be subject to the jurisdiction of the Board of Parole*. The time of his release shall be discretionary with the Board of Parole, but *no such person shall be released until he has served such minimum sentence* nor until he has served one year. The action of the Board of Parole in releasing prisoners shall be deemed a judicial function and shall not be reviewable if done according to law."

Section 214 of such act provides that " Such Board shall reach its own conclusions as to the desirability of releasing such prisoner on parole."

It is agreed by the parties that petitioner herein will not be entitled to release after the time when he is eligible to parole under his first sentence, but must remain incarcerated until he has served the requisite time under his second sentence, this of course, being subject to the same possible deductions as his first sentence so that the minimum which he must serve under both sentences will not expire until some time in May in the year 1940.

The opposing affidavit states that on August 23, 1934, petitioner was brought before the Board for a consideration of his case; that at that time the record before the Board was not complete, and it was determined that he should meet the Board at a later date; that thereafter, and on January 17, 1935, petitioner was again brought before the Board, and his record at that time not being complete, his case was held for further consideration, and that thereafter and on March 14, 1935, petitioner was again brought before the Board and upon a consideration of the whole case and record it was determined by the Board that he should continue to be held under his first sentence until the March, 1940, meeting of the Board, at which time the Board would then reconsider his case and take such action as it deemed advisable.

Petitioner lays stress upon an amendment to section 2190 of the Penal Law, chapter 70, Laws of 1936, such amendment being subdivision 3 of said section, and is as follows:

" 3. Whenever under the provisions of this section or under the sentence of the court, an indeterminate sentence is required to terminate before the commencement of another term *for such purposes only*, such indeterminate sentence *shall be deemed* to terminate at the expiration of the minimum thereof, less any discretionary reduction which may be allowed, pursuant to the provisions of article nine of the Correction Law, and any prisoner serving such a sentence *may* then in the discretion of the Board of Parole be allowed to commence the service of such subsequent term."

The language of this amendment indicates that thereby it was simply sought to formulate a rule for fixing the termination of an indeterminate sentence " before the commencement of another term *for such purposes only* * * * and any prisoner serving such a sentence *may* then *in the discretion* of the Board of Parole *be allowed* to commence the service of such subsequent term." The language is

not mandatory and does not say when this must be done by the Board, and so long as the Board acts in such a manner as reasonably to consider and protect the rights of the prisoner and he is not thereby compelled to serve longer than the mandatory term fixed by the statute he has no complaint. The Board does not deny that he is entitled to have his right to compensation considered. In behalf of the Board it is asserted that his case has been considered and that before or at the time of the expiration of the mandatory minimum sentence which he must serve it will fully consider his case.

By mandamus the Board can be compelled to do only what the law requires be done. The writ of mandamus issues only in that class of cases where a clear legal right is made to appear and there is no other adequate and legal means to obtain it. (*People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242.)

In this connection petitioner has referred to a provision in section 115 of the Executive Law which is as follows: " The Board of Parole shall meet at each of the institutions under its jurisdiction at such times as may be necessary for a full study of the cases of all prisoners eligible for *release* on parole and to determine when and under what conditions and to whom such parole may be granted."

Note that this obligation relates to prisoners " eligible for *release*," and it is not contended here that petitioner is eligible for release. Nothing in this section fixes specifically the time for such consideration. The Board is to meet " at such times as may be necessary."

The statute fixing no specific time for such consideration, it follows that petitioner has failed to establish a clear legal right to require that the termination of his first sentence be ascertained and fixed before the expiration of the minimum of his second sentence.

The court below called attention to the fact that the Board has given consideration to the petitioner's claims for parole, and has postponed further consideration until March, 1940, and in his opinion said: " Such postponement may well be for the reason that consideration of release of petitioner on parole at that time was premature because of his being in prison under two sentences and consideration of his release on parole would not be available until the date was certified to the Board of the expiration of the minimum terms, as reduced, of both sentences as *provided by section 251 of Correction Law.*"

Section 251 is contained in article 10, which relates only to county jails or jail farms, and, therefore, has no application here. However, the result arrived at was correct.

The order appealed from should be affirmed, without costs.

Crapser, J., concurs.