In the Matter of the Application of IRVING BITZ, Petitioner, Respondent, for an Order against JOSEPH CANAVAN, as Chairman of the New York State Board of Parole, and Others, Constituting the New York State Board of Parole, and the NEW YORK STATE BOARD OF PAROLE, Appellants.

First Department, June 16, 1939.

*Bernard L. Alderman, Assistant Attorney-General*, of counsel [*Patrick H. Clune, Assistant Attorney-General*, with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the appellants.

*Nicholas P. Iannuzzi* of counsel [*Bernard Weiss* with him on the brief], for the respondent.

TOWNLEY, J. Petitioner Bitz was sentenced in the Court of General Sessions, New York county, on March 22, 1934, to serve an indeterminate sentence of from three years minimum to six years maximum in the State's prison after conviction of the violation of section 1694-a of the Penal Law.

After having served two years of the sentence, on March 30, 1936, a duly constituted board of officers of Clinton Prison certified to the Governor that petitioner had maintained his good conduct and efficiently performed the prison duties assigned to him. The Governor, as a result of the recommendation of the prison officers acting under the law, gave the following order: "Now, therefore, in pursuance of the Correction Law, I do hereby reduce the minimum sentence of each of the said convicts as recommended by the State Board as compensation for good conduct and willing and efficient performance of duties assigned to him, and I hereby specify the date heretofore stated with reference to each of them in the column headed 'Date of Expiration of Minimum Term' as the date of the expiration of each of their minimum terms in order that he may apply to the Board of Parole for State Prisons for parole in accordance with the provisions of the law and the rules and regulations governing parole, under the conditions that he does not offend against the laws of the State or the rules of the prison, and willingly and efficiently performs the duties assigned to him, prior to his release on parole."

Thereafter the Board of Parole unanimously decided that petitioner, in spite of the Governor's recommendation, was not a fit and proper subject for parole at that time and that his release would be incompatible with the public welfare. Parole was denied and the prisoner was directed to serve the remainder of his term. After remaining in prison approximately five years, petitioner brought a habeas corpus proceeding in Clinton county, contending that eleven months and twenty-three days recommended by the prison board to the Governor should be deducted from the maximum sentence. The County Court denied the writ. Petitioner then applied for an order under article 78 of the Civil Practice Act at Special Term directing that a peremptory order should issue to the Board of Parole of the State of New York to release petitioner Bitz from Clinton State Prison on parole. That order was granted by Special Term and the Board of Parole appeals.

The basis of petitioner's claim is that the reduction of the minimum sentence by eleven months and twenty-three days granted by the Governor in 1936 is time given to him to which he, the petitioner, is entitled as a matter of right, and that in effect the order amounts to a reduction of time to be served in prison. The Board of Parole maintains, on the contrary, that the Governor did not reduce the maximum sentence but reduced the minimum of petitioner's term in prison and that the maximum of it remained the same as imposed by the sentence of the court and that such reduction of the minimum did not serve the purpose of allowing the prisoner to be discharged

by release on parole or otherwise but merely permitted the prisoner to be considered by the Board of Parole for parole at an earlier period than he would otherwise have been considered.

The Governor may grant commutations upon such conditions and with such restrictions and limitations as he may think proper. (State Const. art. 4, § 5*; *People ex rel. Brackett* v. *Kaiser,* 209 App. Div. 722.) Commutation is a privilege which can be granted or withheld, and whatever the conditions are they must be observed. It seems quite clear that by the words of the Governor's order only the minimum sentence was reduced. The power of the Board of Parole to grant or withhold parole for the duration of the maximum sentence was not affected in any way. It has been repeatedly held that a prisoner may be kept in prison for the unexpired portion of his original maximum sentence. (*Matter of Hogan* v. *Canavan,* 245 App. Div. 391.)

We find nothing to justify interpreting the Governor's order as a commutation in any respect of the maximum sentence.

The order should be reversed and the motion denied.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed and the motion denied.

* Renumbered § 4 in Constitution of 1938, in effect Jan. 1, 1939.— [REP.