The People of the State of New York ex rel. ERNEST O. VON MOSER, Petitioner, against THE NEW YORK STATE PAROLE BOARD, consisting of Frederick A. Moran, Chairman, et al., Respondents.

Supreme Court, Special Term, Albany County, January 22, 1943.

*Ernest O. von. Moser*, petitioner in person.

*Nathaniel Goldstein, Attorney-General (Patrick H. Clune* of counsel), for respondents.

BERGAN, J. This proceeding challenges the power of the State Board of Parole to detain in custody a prisoner longer than for the minimum term fixed by the Governor in reducing a prison sentence. It requires, also, a construction of the statutory powers of the Governor in reducing prison sentences and imposing conditions attached to the executive act of clemency.

The petitioner was convicted at the Court of General Sessions for the county of New York of attempted forgery, second degree, on February 1, 1938. He was sentenced February 15, 1938, to an indeterminate sentence of five to ten years in prison.

The statute (Correction Law, § 235; Cons. Laws, ch. 43) provides that in each prison a board constituted of the warden and certain other prison officials shall consider the conduct of each prisoner, his efficiency and willingness to perform duties assigned, and shall periodically recommend to the Governor reduction of sentence, in accordance with a statutory schedule, of prisoners having good prison records. The Governor may, in his discretion, reduce such sentences as recommended in whole or in part. (§ 241.)

Petitioner's minimum sentence would have expired in February, 1943; his maximum in February, 1948, less certain credit for time served before sentence. On February 18, 1941, the Auburn prison board certified to the Governor that petitioner's conduct entitled him to a reduction of sentence crediting him with earned compensation and recommending that the minimum sentence should expire April 15, 1941. On March 27, 1941, the Governor reduced petitioner's minimum sentence so that it expired April 15, 1941. The reduction was not absolute. A condition was attached by the Governor. The reduction was allowed " so that he may apply to the Board of Parole for State Prisons for parole in accordance with the provisions of the law and the rules and regulations governing parole."

Petitioner, therefore, became eligible for parole on April 15, 1941. But the State Parole Board refused to release him and he is still in custody. Petitioner contends that the Parole Board is presently without jurisdiction to detain him in prison and that he should have been released on the date of the expiration of the new minimum sentence fixed by the Governor.

The statute (§ 241) provides that the reduction of sentence may be made by the Governor in one of two alternative methods. One authorizes, merely, a new minimum term. This is effected by the written order of the Governor " directing such reduction and specifying the date of expiration of the minimum term as reduced." That is what was done in petitioner's case. The other method authorizes the release of the prisoner from physical custody. If the Governor decides that this shall be done, he shall place the names of the prisoners " upon his warrant for their release, specifying the date of release in each case." The warrant for release shall be executed, so the statute runs, " by releasing the prisoners mentioned therein " who shall thereupon " be allowed to go on parole outside such prison walls and inclosure," but in the legal custody of the warden and under the jurisdiction of the Board of Parole.

It is clear from the official records submitted that the Governor did not direct by warrant the release of the petitioner. He merely reduced his minimum sentence. The effect of such a reduction is the same as though the new minimum term had been fixed originally by the court in imposing sentence. The maximum is not changed or affected.

Therefore, the petitioner is within the jurisdiction of the State Board of Parole, which is vested by law with the power to determine in the range of time between the new minimum and the old maximum when the petitioner shall be released. The Board is charged with the duty '' of determining what prisoners serving an indeterminate sentence in state prisons and the Elmira Reformatory, may be released on parole and when and under what conditions.'' (§ 210.) After service of such minimum sentence every prisoner shall be subject to the jurisdiction of the Board, and '' the time of his release shall be discretionary with the board.'' (§ 212.)

If there were any doubt upon the effect of this reduction of sentence by the Governor, and I think there is none, it would be resolved by the specific conditions attached to the order of reduction. The Governor, in exercising powers of commutation of sentence resting upon the constitutional grant, or of the statutory grant of discretionary power to '' reduce '' a sentence, can attach reasonable conditions to his act of clemency and they become a condition to the benefit granted to the prisoner. Hence, petitioner's sentence must be deemed to have been reduced for the sole purpose of allowing him to apply for parole as though the reduced sentence had been his original minimum.

Since a certified copy of the Governor's order, the accuracy of which is not contested by petitioner, is attached to the answer, no triable issue remains on this branch of the case.

The other parts of the petition, in so far as its allegations state facts separated from argument and legal conclusions, assert the claim that the petitioner should be released because the Board of Parole has released other prisoners whose records petitioner regards as worse than his own, and assert that the determination of the Board refusing to parole him is arbitrary.

These statements of fact do not present a judicial question for review. The power vested by law in the Board of Parole to determine when and in what manner prisoners serving indeterminate sentences shall be released is plenary in scope. The court cannot undertake to supervise in detail the discretionary power of this Board over prisoners. It cannot determine what prisoners shall be released or when they shall be released. That power rests elsewhere than here. It is entirely administrative. Its success depends upon the independent judgment of the officers charged with that duty.

Judicial interference should be exercised rarely and only on showing clearly a state of facts indicating plainly arbitrary action by an abuse of discretion with which no reasonable man would agree. No facts showing any such arbitrary determination are pleaded here.

Petition dismissed on the merits. Submit final order. Papers filed.