In the Matter of CARMINE PIZZA, Respondent, against JOHN A. LYONS, as New York State Commissioner of Correction, et al., Appellants.

Fourth Department, March 20, 1951.

*Nathaniel L. Goldstein, Attorney-General ( Wendell P. Brown, Solicitor-General, Herman N. Harcourt* and *William S. Elder, Jr.,* of counsel), for appellants.

*Carmine Pizza,* respondent in person.

PIPER, J. The order appealed from directs the Commissioner of Correction and the State Board of Parole to recall petitioner before the Parole Board within sixty days " to again act upon Petitioner's case, exercising all the powers and jurisdiction conferred upon them by the rules and law, as it stood in 1932, at the time of Petitioner's sentence, eliminating all such power of discretion acquired by them under laws enacted after Petitioner's sentence, and to act without further delay, under the rules and laws enacted for such purpose, before the termination of the sixty days period ending on November 14, 1950."

Petitioner was sentenced on December 2, 1932, to a term of twenty years to life for the crime of murder, second degree. He had previously been convicted of the crime of manslaughter in the second degree, and sentenced to an indeterminate term of seven years, six months, minimum to fourteen years and six months maximum, and was on parole when the second felony was committed in 1932. When returned to prison on the second conviction he was required to serve until February 8, 1937, on his first sentence before commencing the second sentence. By credits received for jail time and compensation, the minimum term of the second sentence expired on April 14, 1950, and that fact was certified to the Parole Board prior to March 3, 1950. On that date petitioner appeared before the board. Its decision was that petitioner be " Held three years, reconsideration only, psychiatric report at that time."

Petitioner then brought this proceeding under article 78 of the Civil Practice Act to compel the appellants to release him on parole in accordance with the provisions of law in effect in 1932 when he was sentenced.

Prior to 1936 the Parole Board had no jurisdiction over second offenders. Chapter 70 of the Laws of 1936, effective March 6, 1936, amended section 223 of the Correction Law and broadened the board's jurisdiction to every person given an indeterminate sentence to a State prison on or after July 1, 1928.

Before the enactment of chapter 631 of the Laws of 1948 the Correction Law provided that when a prisoner serving an indeterminate sentence had received compensation credits which, if allowed, would reduce his minimum sentence so that it was about to terminate, the warden of the prison in which he was confined was required to forward to the Governor, through the Department of Correction, a report giving the name of the prisoner, the county in which he was convicted, a brief description of the crime, the date and term of sentence, the amount of reduction recommended and certain other information. On receipt of this report the Governor, in his discretion, might allow the reduction of the minimum sentence as recommended, in whole or in part. If the sentence was reduced by the Governor and the prisoner was subject to the jurisdiction of the Parole Board, the prisoner was certified by the Governor to the Parole Board as eligible for parole and it was then discretionary with the board whether or not he would be released on parole. (*Matter of Bitz* v. *Canavan,* 257 App. Div. 247, affd. 281 N. Y. 699; *People ex rel. von Moser* v. *State Parole Board,* 179 Misc. 397, affd. 266 App. Div. 896.) If the prisoner was not subject to the Parole Board, the Governor might order his release, but in such case he annexed conditions, one of which was that the prisoner should be subject to the jurisdiction and control of the Parole Board.

On the recommendation of the Law Revision Commission (see 1948 report) the discretion formerly exercised solely by the Governor in reducing sentences is vested in the prison boards and the Parole Board. (L. 1948, ch. 631.) This act did not, however, attempt to remove from the Governor his constitutional powers to pardon a prisoner or commute his sentence (N. Y. Const., art. IV, § 4) as the statute provides: " Nothing herein contained shall be deemed to impair the power of the governor in any case to pardon or commute." (Correction Law, § 241.)

The petitioner contends that when his minimum sentence was reduced by the prison board and that reduction certified to the Parole Board, he was entitled to be released on parole and that the Parole Board could not exercise its discretion in the matter. He argues that such was his right under the laws as they existed in 1932 when he was sentenced. The Special Term has adopted that theory and made the order quoted in part above. The claim is based on the further contention that the amendment in 1936, giving jurisdiction over second offenders to the Parole Board, and the 1948 amendment granting further powers to that board and the prison boards, as to petitioner, increased his minimum sentence, by depriving him of having his name certified to the Governor for commutation of his minimum sentence and conse-·quently these amendments may not be applied to him. The fallacy of his argument lies in the fact that he had no legal right to a reduction in sentence as such a reduction rested in the discretion of the Governor, and, further, the Governor has not lost that right by reason of any amendment to the statute. The statutory procedure under which the Governor acted was, it appears, a general rule which he customarily followed, but the statute did not and could not compel him to proceed as set forth therein as the Constitution of the State gave him full authority to commute the sentence or to refuse to do so in his discretion with or without a recommendation from any official or board.

In its discussion of the effect of a reduction of sentence under the statute in effect prior to the 1948 amendments, the Law Revision Commission used this language: " The granting of a reduction of sentence operates, in the case of indeterminate sentence prisoners, to make the prisoner eligible for parole at an earlier date." (Citing *People ex rel. von Moser* v. *State Parole Board,* 266 App. Div. 896.) " It does not entitle him to release on parole, since the granting of a release on parole rests entirely in the discretion of the Board of Parole, after investigation of each individual case." (Citing the *von Moser* case, also *Matter of Bitz* v. *Canavan,* 257 App. Div. 247, affd. 281 N. Y. 699, *supra* and *Matter of Angione* v. *Murphy,* 257 App. Div. 1020, motion for leave to appeal denied 281 N. Y. 884.) " The prerequisites to a reduction of sentence are not, in themselves, a sufficient basis for parole. Since the reduction operates only on the minimum, and not on the maximum of an indeterminate term, the effect is, not to shorten the sentence, but merely to make it possible for the prisoner to serve a greater portion of the remainder of the sentence in a different manner

— *i.e.*, to serve it outside the prison walls, under supervision — if the Parole Board shall decide that parole is desirable. An indeterminate sentence is regarded as a sentence for the maximum term prescribed.'' (See 1948 Report of N. Y. Law Revision Commission, pp. 548–549.)

The wording of the order appealed from does not, followed literally, compel the Parole Board to take any action, as the board had no jurisdiction over second offenders in 1932. The Attorney-General has construed it to require the board to release petitioner on parole, and reading the decision with the order, that was probably the intent of the Special Term. Such an order can only be affirmed if the petitioner had a clear legal right to the relief granted. We think he did not have that right as the amendments to the Correction Law in 1936 and 1948 deprived him of no reduction in sentence, the statutory changes merely gave additional jurisdiction to the Parole Board and prison boards, without taking from the Governor any power he had to commute or pardon, which power he may still exercise in behalf of petitioner, if he so determines.

It follows that the order should be reversed and the petition dismissed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, J J.

Order reversed on the law and petition dismissed.