George M. Fanelli, J.
In this habeas corpus proceeding, petitioner, who is presently confined in State prison at Sing Sing, contends that he is entitled to immediate release.
Petitioner was convicted of grand larceny in the second degree and sentenced on October 16, 1953 to Sing Sing Prison by the Court of General Sessions, New York County, for a term of not less than three years and not more than four years. He was received at Sing Sing Prison on October 21, 1953 and credited with 126 days’ jail time. The maximum expiration date of petitioner’s sentence is June 14, 1957 and the minimum expiration date was July 26, 1955.
Petitioner appeared before the Board of Parole in June, 1955 and was held as a “ poor parole risk ’ ’ and directed to reappear in June, 1956. At the June, 1956 meeting of the Parole Board, petitioner was again held as a “ poor parole risk ” and directed to again reappear at the December, 1956 meeting.
It is petitioner’s contention that subdivision 2 of section 230 of the Correction Law operates to reduce the maximum period of his indeterminate sentence at the rate of 10 days for each month and that by virtue thereof he has already completed service of his maximum term. However, a careful reading of this section discloses that the effect of the good conduct time credit, when granted, is to reduce the minimum period of the indeterminate sentence and has no effect upon the maximum term of the sentence. (See People ex rel. Mason v. Brophy, 235 App. Div. 432.) Since the reduction of sentence because of “ good conduct and efficient and willing performance of duties assigned ” operates only on the minimum and not on the maximum of an indeterminate sentence, the effect is not to shorten the sentence but merely to accelerate the time when petitioner, in the case at bar, would be eligible for parole. Since petitioner’s minimum term of three years has already expired, he is now eligible for parole. In this connection, so long as the Parole Board violates no positive statutory duties, its discretion is absolute and beyond judicial review. (Matter of Hines v. State Bd. of Parole, 293 N. Y. 254.) The decision to release a prisoner on parole is entirely within the discretion of the Board of Parole. (Matter of Pizza v. Lyons, 278 App. Div. 65, affd. 303 N. Y. 736, appeal dismissed 343 U. S. 961; Matter of Hines v. State Bd. of Parole, supra; Matter of Bitz v. Canavan, 257 App. Div. 247, affd. 281 N. Y. 699.) In the case at bar, the Parole Board has found that petitioner is a “ poor parole risk ”.
*842 Accordingly, the writ is dismissed and the prisoner is remanded to the Warden of Sing Sing Prison. The Attorney-General is directed to prepare and submit an appropriate order.