■ RITA MALENFONT, Respondent, v. SAMUEL HYMAN, Appellant.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Albany County. Plaintiff testified she fell on May 18, 1955 in a hole in the public sidewalk in front of defendant's premises in the city of Albany and was injured. Defendant was not required by law or ordinance to repair the sidewalk and would not be responsible had he neglected to repair it. There is proof, however, that he undertook to repair it with cement patchwork in the part of the sidewalk in which plaintiff fell. There is evidence that the patchwork which was installed "nearly every year" would come out the following spring and that when it came out more material would come out with it. A witness testified that "not only would you lose what you had there before but you would lose, along with it, more too". Although this was no doubt due to frost, the jury could find that the work of successive years had been so improperly done on the sidewalk as to facilitate frost damage and increase the danger and that thus the hole was in some degree due to improper repairs undertaken by the landlord. If such a finding is justified by the record, and we believe that it is, the verdict is well-founded. Moreover, the danger could be found to have existed in the very place in which the repair was made and in the light of evidence of improper repair, this alone would justify the inference of negligence. Judgment affirmed, with costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT WILLIAMS, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court dismissing a writ of habeas corpus. Petitioner was sentenced to a term of 15 years to life as a fourth offender on June 26, 1946. He was credited with approximately five years "good behavior" time under section 230 of the Correction Law. In a *coram nobis* proceeding the above sentence was set aside because petitioner's previous convictions could not be considered felonies as a basis for sentencing him as a multiple offender. He was resentenced on January 11, 1957 to a term of 7½ to 15 years. His minimum term of 7½ years expired on November 2, 1953. His maximum term will expire on May 1, 1961. Petitioner contends that the five years' reduction should be applied against his maximum term and, added to the time he has served, would entitle him to release. The provisions of section 230 of the Correction Law require that such reduction be computed upon the minimum term of a prisoner sentenced to an indeterminate sentence. The only effect of such reduction of time is to accelerate the time when a prisoner becomes eligible for parole. In the discretion of the Parole Board he may be held until the expiration of the maximum term. (*People ex rel. von Moser* v. *New York State Parole Board*, 179 Misc. 397, affd. 266

App. Div. 896; *Matter of Pizza* v. *Lyons*, 278 App. Div. 65, affd. 303 N. Y. 736, motion to amend remittitur granted 303 N. Y. 900, appeal dismissed 343 U. S. 961; *People ex rel. Trinker* v. *Denno*, 156 N. Y. S. 2d 235.) Order affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.