Hugh S. Coyle, J.
This is a habeas corpus proceeding wherein relator, who is presently confined in State prison at Sing Sing, contends that he is entitled to immediate release.
On May 14,1956, relator was sentenced in the Court of General Sessions of the County of New York, to an indeterminate sentence of two to four years in State prison for the crime of attempted grand larceny, second degree, as a second felony offender.
Relator claims that sections 230, 232, 235, 236, 241 and 242 of the Correction Law operate to reduce the maximum period of his indeterminate sentence at the rate of 10 days for each month and that by virtue thereof he has already completed service of his maximum term. A careful examination of these sections disclose that the effect of the good conduct time credit, when granted, is to reduce the minimum period of the indeterminate sentence and has no effect upon the maximum term of the sentence. (People ex rel. Trinker v. Denno, 156 N. Y. S. 2d 235; People ex rel. Mason v. Brophy, 235 App. Div. 432.) The reduction above mentioned for good conduct applies only on the *964 minimum and not on the maximum of an indeterminate sentence, and the effect is not to shorten the sentence, hut merely to accelerate the time when a prisoner so sentenced would be eligible for parole. Although relator’s minimum term of two years has expired, and he is now eligible for parole, the question of granting parole lies within the sound discretion of the Parole Board and so long as the board violates no statutory duties its decision is not subject to judicial review. (Matter of Hines v. State Board of Parole, 293 N. Y. 254; Matter of Bitz v. Canavan, 257 App. Div. 247; Matter of Pizza v. Lyons, 278 App. Div. 65, affd. 303 N. Y. 736.)
The writ is dismissed and the prisoner is remanded to the Warden of Sing Sing Prison. The Attorney-General is directed to prepare and submit an appropriate order.