THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL CLEMENTE, Respondent, against WARDEN OF AUBURN PRISON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, March 2, 1960.

*Louis J. Lefkowitz, Attorney-General* (*William S. Elder, Jr., Paxton Blair* and *Joseph J. Rose* of counsel), for appellant.

*Maurice Edelbaum, A. Jacob Abrams* and *Gerald D. Roth* for Michael Clemente, respondent.

McCLUSKY, J. This is an appeal from an order of the Cayuga County Court granting a writ of habeas corpus.

The relator was convicted March 16, 1956 in the Court of General Sessions of the City of New York upon an indictment for perjury, first degree, as a first offender, upon a plea of guilty. He was sentenced to Auburn Prison for an indeterminate term of two and one-half to five years' imprisonment.

Upon arrival at Auburn Prison on May 26, 1956, he was credited with 11 months served on a previous sentence, which had been declared void. Under the maximum sentence thus received with jail allowance his term would expire April 21, 1960.

On October 9, 1959 a writ of habeas corpus was issued, returnable before the Cayuga County Court. A hearing was held and among the exhibits received was a certificate of the Head Clerk of Auburn Prison, dated October 16, 1959, certifying that the Prison Board of Auburn Prison credited the relator with 6 months and 10 days "reduction of sentence for Good Time earned and that this Good Time was not later forfeited" and that this action was in accordance with section 230 of the Correction Law.

The Cayuga County Court granted the writ, basing its decision upon *People ex rel. Vanilla* v. *Denno* (7 N Y 2d 29) and held that the reduction in sentence must be credited against the maximum sentence and directed his release. By applying the reduction to the maximum sentence the court found he had served his term.

An examination of section 230 of the Correction Law shows that it consists of four subdivisions. The first subdivision contains definitions of the terms "definite" and "indeterminate" sentences. Subdivision 2 relates to the reduction of sentence "for good conduct and efficient and willing performance of duties assigned" and provides that such a prisoner shall receive a reduction of his sentence not to exceed 10 days for each month of the minimum term in the case of an indeterminate sentence. Subdivision 3 provides that "said reduction" shall be computed so that in the case of an indeterminate sentence prisoner it shall be computed upon the minimum term of such sentence, less jail allowance. Grammatically the phrase "said reduction" in subdivision 3 of section 230, refers back to the reduction provided for in subdivision 2 of the same section. The effect of the reduction of the minimum term of an indeterminate sentence is to accelerate the time the prisoner may apply for parole. (*Matter of Pizza* v. *Lyons*, 278 App. Div. 65, affd. 303 N. Y. 736.)

An examination of the provisions of the Correction Law reveals that the various amendments that have been made are a striking case history of the changes in the service of penology. The establishment of Parole Boards (L. 1907, ch. 467), indeterminate sentences (L. 1889, ch. 382), the Board of Parole (L. 1907, ch. 467), commutation, compensation and finally reduction of sentence alone all are shown in the various amendments. But a constant theme through all the amendments and changes

is that of reduction only of minimum sentences in the case of indeterminate sentences. The last important amendment of section 230 in 1935 was sponsored by the Law Revision Committee. In its 1935 report the commission (1935 Report of N. Y. Law Rev. Comm., p. 499) reviewed the changes that had occurred and recommended the abolition of the terms '' commutation '' and '' compensation '' and the substitution of a more general term '' reduction ''. But even the commission in its recommended revision provided that the reduction of an indeterminate sentence should apply only to the minimum term. The present section 230 of the Correction Law carries out the same general plan.

The case of *People ex rel. Vanilla* v. *Denno* (7 N Y 2d 29, *supra*) is the authority upon which the court below based its decision. But that case was limited by the court's opinion to cases of prisoners who committed crimes before July 1, 1926. Furthermore and most emphatically Vanilla was a prisoner for a definite term. Clearly it has no application here. It is not a valid premise upon which to base the conclusion reached by the court below.

There have been no direct decisions upon the question herein presented. However, there are a number of decisions which hold that the reduction should be applied to the minimum term. *People ex rel. Williams* v. *Jackson* (5 A D 2d 922) is very similar to the case at bar. In that case habeas corpus was denied in a proceeding wherein the relator sought to have '' good behavior '' time credited as here against the maximum term of an indeterminate sentence.

Again under different laws but along the same general line are the decisions in *People ex rel. von Moser* v. *New York State Parole Bd.* (179 Misc. 397, affd. 266 App. Div. 896), *People ex rel. Trinker* v. *Denno* (20 Misc 2d 840) and *People ex rel. Mason* v. *Brophy* (235 App. Div. 432).

The order appealed from should be reversed, the writ dismissed and the relator remanded to the custody of the Warden of Auburn Prison.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ.

Order unanimously reversed on the law, without costs, writ dismissed, and relator remanded to the custody of the Warden of Auburn Prison.