Foster, J.
Relator appeals from an order of the Appellate Division which unanimously reversed on the law an order of the Cayuga County Court sustaining a writ of habeas corpus and directing relator’s release from custody.
Relator was sentenced on March 16, 1956, upon his plea of guilty to the crime of perjury, first degree, to an indeterminate term of imprisonment of from 2% to 5 years. He was received in State prison on March 22,1956, and credited with 11 months’ jail time served prior to sentence. The Prison Board of Auburn Prison, where he was confined, decided on January 24, 1957 that he was entitled to 6 months and 10 days discretionary reduction of sentence pursuant to section 230 of the Correction Law. The expiration of his minimum term was accelerated by such amount of time so as to make him eligible for parole on March 7, 1957. Parole however was denied to him and the Parole Board determined that he should be held until the expiration of his maximum term, or April 21,1960.
Relator then sued out a writ of habeas corpus, contending that, irrespective of the Parole Board’s action, the time earned for good behavior should have been subtracted from his maximum sentence, and upon such a basis he was entitled to immediate release. The issue posed therefore is whether time earned for good behavior, pursuant to section 230 of the Correction Law, must be credited in reduction of both the minimum and maximum term of an indeterminate sentence imposed in 1956. The matter is wholly statutory. Subdivision 1 of section 230 of the Correction Law first defines a definite sentence and then an indeterminate sentence. Subdivision 2 provides: “ 2. Every pris *219 oner confined in a state prison or penitentiary, except a prisoner sentenced for an indeterminate term having a minimum of one day and a maximum of his natural life, may receive, for good conduct and efficient and willing performance of duties assigned, a reduction of his sentence not to exceed ten days for each month of the minimum term in the case of an indeterminate sentence, or of the term as imposed by the court in the case of a definite sentence. The maximum reduction allowable under this provision shall be four months per year, but nothing herein contained shall be construed to confer any right whatsoever upon any prisoner to demand or require the whole or any part of such reduction.”
Subdivision 3 further provides: “ 3. In the case of a definite sentence prisoner, said reduction shall be computed upon the term of the sentence as imposed by the court, less jail time allowance, and in the case of an indeterminate sentence prisoner said reduction shall be computed upon the minimum term of such sentence, less jail time allowance. * * * Subject to the rules of the commissioner of correction, the maximum reduction of ten days in each month may, in the discretion of the board hereinafter provided for, be in whole or in part withheld, forfeited or cancelled, in accordance with the rules of the commissioner of correction for bad conduct, violation of prison rules or failure to perform properly duties assigned.”
Section 232 has to do with the monthly report of the Warden of each prison as to the reduction time allowed to any prisoner for good behavior.
Section 235 provides for a Prison Board which is to determine the amount of reduction of sentence to be allowed any prisoner.
Section 241 has to do with the form of order made by the Prison Board under section 235, and contains this significant language: “ a written order * * * of the board, declaring such reduction and specifying the date of expiration of the minimum term as reduced.” Further on this section states: “ The warden shall give immediate written notice thereof to each prisoner whose minimum term is thereby reduced. ’ ’
The legislative scheme that only the minimum term of an indeterminate sentence is to be reduced by time allowed for good behavior seems reasonably clear. And the legislative his *220 tory of the statutes relative thereto lends support to this conclusion. For this purpose it is unnecessary I think to go back further than 1916. In that year section 230 of the Prison Law was amended to provide for compensation earned in prison. Prior to that time a reduction in sentence was specifically limited to a convict who had been sentenced to a definite term and for good behavior, and was granted by the Governor as a matter of discretion, and known as commutation. After the amendment of 1916 (L. 1916, ch. 358) the provision for commutation as to definite sentence prisoners was retained, but there was added a provision for the further reduction of a definite sentence that was called compensation. Thus a prisoner might earn 10 days in each 30 days for the performance of duties assigned, and once earned this time was irrevocable and automatically reduced his definite sentence. This amendment also provided- that such compensation might also be earned by a prisoner serving an indeterminate sentence ‘ ‘ in reduction of the minimum term ”.
In 1926 section 230 of the Prison Law was amended again (L. 1926, ch. 736), and compensation for labor performed to those sentenced to a definite term was wiped out except for those prisoners whose crimes were committed prior to July 1, 1926. In 1935 both compensation and commutation were abolished, and a discretionary reduction of sentences in the maximum of 10 days a month for both indeterminate and definite sentences was substituted (L. 1935, ch. 902).
It will be noted that the amendment of 1916 provided that compensation earned by a prisoner serving an indeterminate term was to be applied to his minimum sentence. This fact was recognized by the Law Revision Commission in its 1948 Report to the Legislature (N. Y. Legis. Doc., 1948, No. 65 [M], p. 539). The commission made no suggestions that reduction in the case of such a sentence be applied to the maximum term.
Again in 1948 several sections of the Correction Law, including section 230, were amended (L. 1948, ch. 631), but the substance of the 1935 statute, insofar as it provided for computing any reduction upon the minimum of an indeterminate sentence and upon the term of a definite sentence, remained unchanged. The purpose of those amendments was stated by the Law Revi *221 sion Commission: “ Their purpose is to permit the Prison Boards to put into effect directly the reduction of sentences to state prisons and penitentiaries, for good behavior and diligent performance of duties, which are now made by the G-overnor, in the exercise of executive discretion, upon recommendation of the Prison Boards. * * * No change is made in the amounts of the reductions which are allowable, or in the manner in which the amount of reduction earned by each prisoner is determined by the Prison Boards, or in the conditions upon which reductions are granted.” (N. Y. Legis. Doc., 1948, No. 65 [M], pp. 521, 527, n.).
In none of the legislative history, as thus briefly stated and omitting other amendments not pertinent, is there any intimation of a legislative intent to apply a reduction to the maximum term of an indeterminate sentence. Some confusion may arise from the statutory direction that in the case of a definite term a reduction earned by good conduct is to be computed upon the term. There is a sound reason I believe for the distinction. An indeterminate sentence is more favorable, more merciful to the prisoner. It brings him within the jurisdiction of the Parole Board, and it should be pointed out that a prisoner sentenced to a definite term does not come within such jurisdiction (Correction Law, § 210). The Parole Board has nothing to do with definite sentences except for certain offenses specified in section 1945 of the Penal Law. Thus, if a prisoner serving a definite term is to obtain any benefit at all from a reduction for good time earned, it must be subtracted from his term, whereas a prisoner serving an indeterminate sentence has a chance of parole when the minimum of his sentence is served, and that minimum may be reduced by the reduction for good conduct. Of course he runs the risk of being denied parole for reasons having nothing to do with his conduct in prison, and it may be argued that discrimination exists between the two systems but, if so, it is a species of discrimination deliberately chosen by the Legislature. Reduction of the maximum term of an indeterminate sentence as a matter of right would be contrary to the entire concept of the parole system. As a matter of fact the earned reduction on a definite sentence is of not too much importance now, for indeterminate sentences are presently the rule, and a definite sentence is something of a rarity (see Penal *222 Law, §§ 1935,1940,1941, 1942). Moreover, the reduction of the maximum term of an indeterminate sentence, when the Parole Board has determined that the prisoner is not a fit subject for release and should serve his maximum term, would tend to render ineffectual the parole system. In the case of a definite sentence, except as heretofore noted, the Parole Board has no jurisdiction and hence there could he no finding that the prisoner was not a fit subject for release.
Finally, sections 218 and 219 of the Correction Law indicate that it was the legislative intent to apply reductions only to the minimum term of indeterminate sentences.' They provide in substance that if a parolee violates his parole he must serve out the maximum term of his sentence. If he was entitled to reduction of his maximum sentence, the Legislature would have undoubtedly said so, and framed these sections with appropriate language to that effect.
The case relied upon by the County Court (People ex rel. Vanilla v. Denno, 7 N Y 2d 29) involved a prisoner convicted of a crime committed before July 1, 1926, who was sentenced to a definite term. It is not applicable to the situation presented here. There is a long line of cases which hold inferentially with the position taken by the People in this case (Matter of Bitz v. Canavan, 257 App. Div. 247, affd. 281 N. Y. 699; People ex rel. Atkins v. Jennings, 222 App. Div. 97, affd. 248 N. Y. 46; People ex rel. Williams v. Jackson, 5 A D 2d 922; People ex rel. von Moser v. New York State Parole Bd., 179 Misc. 397, affd. 266 App. Div. 896; People ex rel. Mason v. Brophy, 235 App. Div. 432; People ex rel. Trinker v. Denno, 20 Misc 2d 840). (See, also, the 1948 Report, Recommendations and Studies of the Law Revision Commission, supra.) The Legislature could not have been unaware of the construction placed upon the statute by the prison authorities and inferentially upheld by the courts over a period of many years.
The order of the Appellate Division should he affirmed.
Chief Judge Desmond and Judges Dye, Ftjld, Fboessel, Van Voobhis and Bubke concur.
Order affirmed.