■ In the Matter of EDWARD COLIN, Appellant, v. NEW YORK STATE PAROLE BOARD et al., Respondents.— Appeal from an order which dismissed, pursuant to article 78, an application which sought to direct the respondents to conform to section 230 of the Correction Law by releasing petitioner from prison. The petitioner on April 24, 1942 was sentenced to an indeterminate term of 10–20 years and which sentence the petitioner claims to have served in full. He contends that if given credit for good behavior while in prison and if applied against his maximum of the indeterminate sentence, he should be released. After being before the Parole Board on several occasions he was directed to serve his maximum term. The respondents contend that his sentence does not terminate until March 1, 1962. Subdivision 2 of section 230 of the Correction Law is concerned with a prisoner serving an indeterminate term and provides in part that in return for good conduct, the prisoner may receive a credit in reduction of sentence not to exceed 10 days per month of the *minimum* term but any reduction allowable shall not be construed to confer any right whatsoever upon any prisoner to demand or require the whole or any part thereof. From the legislative history of this and associated sections of the Correction Law, it is evident that the purpose of the section was to accelerate the time when a prisoner becomes eligible for parole. It is not to shorten the sentence but to give the prisoner the opportunity of serving a greater portion of his sentence on parole outside the prison walls. There is nothing, under the law applicable to the dates herein, contractual about the relationship, but whether time for good behavior shall be credited against a prisoner's minimum term to entitle him to be released is entirely within the discretion of the Parole Board. The board might well determine that while he is a model prisoner, he is not a proper subject to be released back into society. There is no merit to petitioner's contention that such credit is applicable to the maximum sentence. (*People ex rel. Williams* v. *Jackson,* 5 A D 2d 922; *Matter of Pizza* v. *Lyons,* 278 App. Div. 65, affd. 303 N. Y. 736; *People ex rel. Clemente* v. *Warden,* 9 N Y 2d 216.) Order unanimously affirmed.