OPINION OF THE COURT
Robert L. Nahman, J.
Defendants First United Methodist Church of Hollis (hereinafter First United) and First Methodist Episcopal Church of Hollis (hereinafter First Methodist) move for an order, pursu *184 ant to CPLR 3212, for summary judgment dismissing the complaint. Plaintiff cross-moves for summary judgment against defendants First United and First Methodist, having withdrawn that branch of his motion for summary judgment against the defendant City of New York by written stipulation.
Plaintiff, a New York City police officer, was assigned to a robbery investigation unit on September 25, 1988. During his tour, plaintiff tripped and fell on a raised portion of a sidewalk/walkway abutting the property owned and occupied by defendants First United and First Methodist. The plaintiff thereafter commenced this suit against both defendants and the City of New York, contending that they owned, created, maintained, or controlled the dangerous condition which caused his injury. The defendants First United and First Methodist and the City of New York have filed various cross claims against each other.
Defendants First United and First Methodist assert they are entitled to a summary judgment and dismissal of all cross claims on two grounds.
Initially, defendants First United and First Methodist contend that they are not responsible for the alleged defective condition of the sidewalk since maintenance of these areas is a responsibility of codefendant City of New York.
While defendant City of New York has the primary duty to pedestrians to keep its streets in reasonably safe condition, an abutting owner may also be found liable to a plaintiff injured on a portion of a sidewalk if the owner uses the subject portion of the sidewalk for his special use, or he voluntarily but negligently makes repairs to the sidewalk (see, Malenfont v Hyman, 5 AD2d 922). In this case, there are issues of fact requiring a jury trial concerning whether defendant negligently made repairs to the subject portion of the sidewalk where plaintiff was injured. Accordingly, that branch of defendants’ motion for summary judgment to dismiss the cross claims of defendant City of New York is denied.
Secondly, defendants First United and First Methodist contend that plaintiff is barred from recovery because plaintiff was injured in the performance of his duties as a police officer. In this regard, plaintiff relies on the case of Santangelo v State of New York (71 NY2d 393).
In Santangelo (supra), plaintiff police officers were injured while apprehending an escaped mental patient. The Court of *185 Appeals, in affirming the Appellate Division’s dismissal of the case, extended the long-standing common-law "Firemen’s Rule” to police officers, holding as a matter of public policy that the considerations supporting the rule’s applicability to firemen also support the extension of the rule of police officers.
While the Court of Claims and Appellate Division relied on the doctrine of assumption of risk in dismissing plaintiffs cause of action, the Court of Appeals specifically stated that their decision was not based upon "principles of comparative fault but rather upon sound considerations of public policy resting on the nature of the occupation — which often requires police to confront negligently created emergencies on behalf of the public” (Santangelo v State of New York, supra, at 398).
The moving defendants contend that these public policy considerations control the situation at bar, and consequently, plaintiff’s complaint must be dismissed.
The rationale behind the court’s extension of the "Firemen’s Rule” to police officers was that the very nature of a police officer’s duty requires them to confront negligently created emergencies on behalf of the public. Therefore, to award them damages for injuries sustained while performing their duty would result in an anomaly. "Like firefighters, police are the experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence, and like firefighters they generally cannot recover damages for negligence in the very situations that create the occasion for their services” (Santangelo v State of New York, supra, at 397). The court also reasoned that since police officers receive compensation and special benefits which assure that the costs of injuries sustained in the line of duty are defrayed, police officers would not suffer from this ruling.
Under this theory, police officers have been precluded from recovering not only for injuries sustained while apprehending an escaped mental patient (Santangelo v State of New York, supra), but also for injuries sustained while quelling a disturbance caused by an employee of a bank (Hobbs v Bowery Sav. Bank, NYLJ, Dec. 29, 1988, at 26, col 5); effecting an off-duty arrest (Campbell v Lorenzo’s Pizza Parlor, 143 Misc 2d 1022); in attempting to apprehend an unlicensed operator of an unregistered dirt bike (O’Connor v O’Grady, 143 AD2d 738); and from a terrorist bomb explosion (Pascarella v City of New York, 146 AD2d 61).
*186 In each of these cases, the courts have held that the plaintiffs were injured while performing an act specifically within the scope of the duties for which they were specially trained and compensated, and therefore they could not recover damages for the injuries sustained.
This case, however, may be distinguished from the above-cited cases since the negligence causing plaintiffs injury is separate and apart from those actions which occasioned his presence at the subject location. While plaintiff was injured during a time period when he was officially "on duty”, it cannot be said that his injury was sustained in performance of a function particularly within the scope of his duties for which he was particularly trained and compensated.
There was no evidence produced that plaintiff was acting in any manner other than that of a pedestrian when he came in contact with the alleged defective sidewalk. In fact, regardless of plaintiffs status as an "on duty” police officer or what official duties he was performing at this location, plaintiff was simply using the subject sidewalk/walkway in the manner for which it was reasonably intended — to traverse from one location to another.
It would be an anomaly if plaintiff and another pedestrian were walking across the same defective sidewalk, both were caused to trip and fall, both were injured, and this plaintiff was precluded from bringing a cause of action simply because of his status as an on-duty police officer.
The defendants herein owe a duty to the public-at-large, to maintain and properly repair the sidewalk area in question. This court cannot relieve defendants of this duty simply on the basis that the injured plaintiff pedestrian herein is a police officer, without a showing that the plaintiffs injuries were sustained as the result of the performance of his duties as a police officer.
Accordingly, the branch of the motion by defendants First United and First Methodist for summary judgment dismissing the complaint is denied.
Plaintiffs cross motion for summary judgment is denied as triable issues of fact exist requiring a trial.